Brett Lewis, Esq. (*pro hac vice*)
*Brett@iLawco.com*
Michael Cilento, Esq. (*pro hac vice*)
*Michael@iLawco.com*
**LEWIS & LIN, LLC**
77 Sands Street, 6th Floor
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326


Ji-In Lee Houck (SBN 280088)
*jiin@houckfirm.com*
**THE HOUCK FIRM**
16501 Ventura Blvd, Suite 400-199
Encino, CA 91436
Tel: (888) 446-8257
*Attorneys for VPN.COM LLC*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VPN.COM LLC,<br>　　　　　*Plaintiff*,<br><br>　　vs.<br><br>GEORGE DIKIAN; QIANG DU; and JOHN DOE<br><br>　　　　　*Defendants*. | Case No: 2:22-cv-04453-AB-MAR<br><br>**<u>NON-URGENT EX PARTE APPLICATION TO ALLOW ALTERNATIVE SERVICE ON DEFENDANTS; MEMORNADUM AND POINTS AND AUTHORITIES</u>** |

**EX PARTE APPLICATION TO ALLOW ALTERNATIVE SERVICE ON DEFENDANTS; MEMORNADUM AND POINTS AND AUTHORITIES**

Plaintiff VPN.COM LLC ("VPN") submits this ex-parte application, pursuant to Fed. R. Civ. P. 4(e), Fed. R. Civ. P. 4(f), Cal. Civ. Proc. Code §§ 413.30 and 415.50, and L.R 7-19, seeking an order allowing VPN to perform alternative service of process on Defendants via electronic mail, or, in the alternative, by publication (the "Application").

This Application includes the following documents:

    a. Ex-Parte Application
    b. Memorandum and Points and Authorities
    c. Declaration of Michael Gargiulio
    d. Declaration of Michael D. Cilento, Esq.
    e. Declaration of Erika Garcia
    f. Proposed Order

VPN submits this Application as an ex-parte request since (a) Defendants have not appeared in the action and thus are unlikely to oppose this request, (b) the time to serve Defendants under Rule 4(m) could run if VPN proceeded by noticed motion, (c) VPN satisfies all requirements, and good cause exists, to allow VPN to serve process on Defendants by e-mail or publication, and (d) such a request does not seek extraordinary relief, but just an alternative method to enable service of process. *See, e.g., Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) (Service of process by alternative means is not "extraordinary relief.") (internal citation omitted).

Prior to filing this Application, undersigned counsel sent this Application, with the documents listed above, to Defendants' known and confirmed e-mail addresses (Defendant George Dikian: g.dikian@yahoo.com, george@37.net; Defendant Qiang Du: rhwdomains@gmail.com) on Thursday, August 25, 2022 at 12:00pm ET. The emails did not bounce back. In addition to informing Defendants of the date and time this Application would be filed (Friday, August 26, 2022, at 10:00am ET), the notice also informed Defendants that should Defendants wish to submit an opposition to the Application, they should do so by the end of day Monday, August 29, 2022, or, the notice went on, if Defendants would like more time to oppose the Application, Defendants should let undersigned counsel know, and counsel would then inform the Court of same and not oppose the request for additional time. As of this filing, Defendants failed to inform counsel that Defendants would be filing, or would like to file, an opposition to the Application.

DATED: August 26, 2022

        Brett E. Lewis
        Michael D. Cilento
        **LEWIS & LIN, LLC**

        Ji-In Lee Houck (SBN 280088)
        **STALWART GROUP**

  By: _/s/ Michael D. Cilento_
        Michael D. Cilento (*pro hac vice*)
        *Attorneys for Plaintiff VPN.COM LLC*

**EX PARTE APPLICATION TO ALLOW ALTERNATIVE SERVICE ON DEFENDANTS; MEMORNADUM AND POINTS AND AUTHORITIES**

3

## MEMORANDUM AND POINTS AND AUTHORITIES

Plaintiff VPN.COM LLC ("VPN"), by and through undersigned counsel, hereby submits this Memorandum and Points and Authorities in Support of VPN's Application seeking an Order allowing service of process by email, or publication, on Defendants George Dikian ("Dikian") and Qiang Du ("Du") (together as "Defendants").

## PRELIMINARY STATEMENT

VPN brought this action seeking, *inter alia*, damages due to a massive online fraud perpetuated by Defendants that spanned several months, and that ultimately lured VPN into sending Defendants $250,000 as part of what turned out to be two completely fraudulent domain name sale transactions. The Defendants used, *inter alia*, the reputation of Dikian, a well-known domain name investor and reseller, as well as a sophisticated, fraudulent online website that posed as an escrow service, as the linchpins in their scheme to convince VPN that VPN was brokering legitimate transactions between Dikian and Du.

To date, VPN and its attorneys have been unable to successfully serve process on Defendants by traditional means, despite diligent efforts, including multiple investigations and background searches, and despite hiring a process server to perform service on Dikian at the one address that was discovered

**EX PARTE APPLICATION TO ALLOW ALTERNATIVE SERVICE ON DEFENDANTS; MEMORNADUM AND POINTS AND AUTHORITIES**

4

through such diligence. VPN thus submits this Application requesting that the Court allow Defendants to be served by alternative means, namely email, at the same valid and known email addresses that Defendants used in order to effectuate their fraud against VPN. Such alternative service is not only statutorily permissible, but it is indeed the most reasonably calculated way to ensure Defendants have notice of this instant action, and it is completely fair under the circumstances of this case.

## LEGAL STANDARD

For Dikian, located in California

Federal Rule of Civil Procedure 4(e)(1) provides that a plaintiff may serve an individual using any method permitted by the law of the state where the district court is located or where service is made. Fed. R. Civ. P. 4(e)(1).

California law permits five basic methods of service: (1) personal delivery; (2) delivery to someone else at the party's usual residence or place of business with mailing (known as "substitute service"); (3) service by mail with acknowledgment of receipt; (4) service on persons outside the state by certified or registered mail with a return receipt requested; and (5) service by publication. Cal. Civ. Proc. Code §§ 415.10, 415.20, 415.30, 415.40, 415.50.

California also provides "a broad framework for alternative means of service[.]" *Aevoe Corp. v. Pace*, 2011 U.S. Dist. LEXIS 96750, at *3 (N.D. Cal. Aug. 29, 2011). Specifically, § 413.30 of the California Code provides that "[w]here no provision is made in this chapter or other law for the service of summons, the court in which the action is pending may direct that summons to be served in a manner which is reasonably calculated to give actual notice to the party to be served." Cal. Civ. Proc. Code § 413.30.

For Du, located in Hong Kong

FRCP 4(f)(3) allows a Court to authorize alternative means of service on an individual in a foreign country as long as the service (1) is not prohibited by international agreement, and (2) comports with constitutional notions of due process. *See Rio Properties Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017-19 (9th Cir. 2002). "Service of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief. It is merely one means among several which enables service of process on an international defendant." *Id.* at 1015. Courts have authorized a wide variety of alternative methods of service including "publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, e-mail." *Id.* at 1016.

"[D]istrict courts have 'sound discretion' to determine when the 'particularities and necessities of a given case require alternate service of process under Rule 4(f)(3).'" *Sec. & Exch. Comm'n v. Jammin Java Corp.*, 2016 WL 6650849, at *2 (C.D. Cal. Apr. 21, 2016) (quoting *In Re TFT-LCD (Flat Panel) Antitrust Litig.*, 2010 WL 1337743, at *2 (N.D. Cal. Apr. 2, 2010)). "However, service should not offend due process, which requires that 'the method of service crafted by the district court must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* (quoting *Feyko v. Yuhe Int'l, Inc*., 2013 WL 5142362, at *1 (CD. Cal. Sept. 12, 2013)).

## ARGUMENT

Since VPN has been unable, with diligence, to serve process on Defendants by traditional means, and since service of process by Email will undoubtedly give actual notice to Defendants, and is in fact the most reasonably calculated way to provide Defendants with actual notice of this instant action, the Court should allow VPN to serve Defendants at their known email addresses.

A. Dikian

    i. Service by Email is Warranted and Necessary

Dikin is an individual who is believed to reside and be domiciled in the State of California. *See* Compl. ¶ 5. Yet, VPN has been unable to serve process on Dikian by traditional means, despite diligent efforts. Indeed, VPN and its attorneys have performed multiple investigations and background searches in an attempt to locate a serviceable address for Dikian. *See* Declaration of Michael D. Cilento, Esq., dated August 25, 2022 ("Cilento Dec.") ¶ 4-5. The searches produced only one possible physical address for Dikian, which VPN attempted to serve via a process server. *Id.* ¶ 5-6. That attempted service, however, was unsuccessful, as the individual at the address was not Dikian and claimed not to know Dikian. *Id* ¶ 6; *see* Declaration of Non-service by Erika Garcia at p. 1. And while it is believed that Dikian provided identity documents to verify Dikian's Escrow.com escrow account, *see* Gargulio Dec. ¶ 8, VPN has been unable to receive this information due to Escrow.com's privacy policies (leaving aside whether Dikian provided fake identity documents to Esrow.com). Thus, in order to serve Dikian, to give Dikian actual notice, and to proceed with

**EX PARTE APPLICATION TO ALLOW ALTERNATIVE SERVICE ON DEFENDANTS; MEMORNADUM AND POINTS AND AUTHORITIES**

8

this action on the merits, the Court should allow VPN to serve Dikian by email.[1]

    ii.    Service by Email Will Give Dikian Actual Notice

Alternative service is permissible where said service is "reasonably calculated to give actual notice to the party to be served." Cal. Civ. Proc. Code § 413.30. Service by email is reasonably calculated to give notice where a plaintiff gives the Court "reason to believe that a defendant's email address is valid." *Sendzul v. Hoag*, No. CV 21-06894-RGK (KS), 2022 WL 2124903, at *2 (C.D. Cal. Apr. 14, 2022) (quoting *Creative Intellects v. Haygood*, 2021 U.S. Dist. LEXIS 154580, at *7 (C D. Cal. July 23, 2021)).

Here, VPN has provided ample evidence that Dikian's email address is valid and is reasonably calculated to give Dikian notice of the lawsuit. First, VPN has stated that it has communicated with Dikian via the email addresses G.Dikian@yahoo.com and George@37.net (or the "Dikian Email Addresses") for many years, dating back to 2015. *See* Declaration of Michael Gargulio dated August 25, 2022 ("Gargulio Dec.") ¶ 4. VPN has also had communications with

---

[1] This Application also seeks, in the alternative, for an order allowing alternative service via publication, but it is submitted that, since VPN has valid and confirmed email addresses for Defendants, discussed in the next section, e-mail service is much more reasonably calculated to provide actual notice than via publication.

Dikian through the Dikian Email Addresses throughout the relevant time period in the Complaint, this year. *Id.* ¶ 5. Indeed, Dikian used the Dikian Email Addresses in order to effectuate the fraud upon VPN as alleged in the Complaint. *See* Compl. ¶ 19-22. Furthermore, VPN's internal investigation of historical Whois records tied to the domain name <89.com>, as well as other domains at issue in the Complaint and owned by Dikian, confirmed that the Dikian Email Addresses belong to Dikian. *See* Gargulio Dec. ¶ 6. Indeed, George@37.net has been the Whois registrant and administrative email of record for the domain name <89.com> (the main domain that was used to perpetuate the fraud as alleged in this action) since July, 2012. *Id.* Finally, and moreover*,* on May 12, 2022, Michael Gargulio, an ownership member of VPN, had a phone conversation with Dikian, whereon, among other things, Dikian confirmed that the email addresses G.Dikian@yahoo.com and George@37.net did indeed belong to and were used by Dikian. *Id.* ¶ 7.

Thus, it is undeniable that the Dikian Email Addresses are not only valid and working email addresses, but that Dikian is the owner of and uses the Dikian Email Addresses regularly; accordingly, service of process through the

Dikian Email Addresses is unquestionably reasonably calculated to give Dikian actual notice of this lawsuit, and the Court should allow such service.[2]

B. Du

Du is an individual believed to be domiciled in Hong Kong. *See* Compl. ¶ 7; *see* Gargulio Dec. ¶ 11. VPN and its attorneys, however, have not been able to locate or pinpoint Du's exact location in Hong Kong. *See* Gargulio Dec. ¶ 14; *see* Cilento Dec. ¶ 6. The only contact details provided by Du to VPN were Du's email address, rhwdomains@gmail.com, and that Du was located in Hong Kong. *See* Gargulio Dec. ¶ 12. Indeed, the only communications VPN ever had with Du were through Du's email address of rhwdomains@gmail.com. *Id.* ¶ 11, 13.

Because VPN has been unable to locate Du's exact location in Hong Kong, VPN requests that Du be served by the only means possible, via email to Du's known email address of rhwdomains@gmail.com. Service by email to Du would not violate any international agreement, since Hong Kong (and China) are signatories to the Hague Convention of 15 November 1965 on the Service

---

[2] It should also be noted that since, as alleged in the Complaint, Dikian coordinated and communicated the fraud on VPN through electronic means, and specifically partly through the use of the Dikian Email Addresses, *see* Compl. ¶ 19-21, it is only reasonable and fair that the Court should allow Dikian to be served by these very same electronic means.

**EX PARTE APPLICATION TO ALLOW ALTERNATIVE SERVICE ON DEFENDANTS; MEMORNADUM AND POINTS AND AUTHORITIES**

11

Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters[3] ("Hague Convention"), and since the Hague Convention does not expressly prohibit e-mail service. *See Sec. & Exch. Comm'n*, 2016 WL 6650849 at *2 (citing *Facebook, Inc. v. Banana Ads, LLC*, 2012 WL 1038752, at *1 (N.D. Cal. Mar. 27, 2012).

Service to Du's email address also comports with constitutional notions of due process, *see Rio Properties Inc.*, 284 F.3d at 1017-19, since service via email on Du is the most reasonably calculated way of notifying Du of the instant action. Indeed, VPN has had numerous communications with Du through Du's email address of rhwdomains@gmail.com since April 2022. *See* Gargulio Dec. ¶ 11, 12. And, similar to Dikian, Du participated in the fraud, as alleged in the Complaint, primarily through communications with VPN through the use of Du's email address rhwdomains@gmail.com. Thus, not only is service through email reasonably calculated to provide notice, but it is the fairest way to allow VPN to serve Du, even if VPN could find a physical mailing address for Du, which VPN to date cannot.

---

[3] *See* https:// https://www.hcch.net/en/states/hcch-members

**EX PARTE APPLICATION TO ALLOW ALTERNATIVE SERVICE ON DEFENDANTS; MEMORNADUM AND POINTS AND AUTHORITIES**

## CONCLUSION

VPN respectfully requests this Court allow VPN to serve Dikian and Du by email, or in the alternative, by publication. Despite diligent efforts, VPN has been unable to pinpoint the locations of Dikian and Du, and it is undeniable that service through the email addresses that Dikian and Du used as part of their fraud and to communicate regularly with VPN would give Defendants actual notice of this instant action, and would comply with due process considerations. This Court should utilize its statutory authority pursuant to the Federal Rules to allow such alternative service of process.

DATED: August 26, 2022

                        Brett E. Lewis
                        Michael D. Cilento
                        **LEWIS & LIN, LLC**

                        Ji-In Lee Houck (SBN 280088)
                        **STALWART GROUP**

By: _____
                        Michael D. Cilento (*pro hac vice*)
                        *Attorneys for Plaintiff VPN.COM LLC*

---

**EX PARTE APPLICATION TO ALLOW ALTERNATIVE SERVICE ON DEFENDANTS; MEMORNADUM AND POINTS AND AUTHORITIES**

13