UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:22-CV-04453-AB (MARx) | Date: | September 8, 2022 |
|---|---|---|---|

| Title: | VPN.COM LLC v. George Dikian; Qiang Du; and John Doe |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION

### I. INTRODUCTION

Before the Court is Plaintiff VPN.com LLC's (collectively "Plaintiff") *Ex Parte* Application for Alternative Service on Defendants. (*See* ECF No. 17.) Defendants George Dikian and Qiang Du (collectively "Defendants") have not appeared in the action nor filed an opposition to Plaintiff's *Ex Parte* Application. After reading and considering the arguments presented by Plaintiff, the Court finds this matter appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the reasons stated below, the Court **GRANTS** Plaintiff's *Ex Parte* Application.

///

### II. BACKGROUND

On June 29, 2022, Plaintiff filed a Complaint against Defendants asserting two causes of action: (1) fraud; and (2) civil RICO in violation of 18 U.S.C. § 1961 *et.*

*seq*.  (*See generally* Compl., ECF No. 1.)   Relevant here, Plaintiff alleges that Defendant Dikian "is an individual, who, upon information and belief, resides and is domiciled in the State of California," and Defendant Du "is an individual who, upon information and belief, resides and is domiciled in Hong Kong Special Administrative Region of the People's Republic of China."  (*Id.* at ¶¶ 6-7.)   The Complaint alleges that Defendants engaged Plaintiff for several months in a fraudulent sales transaction regarding a website domain, which culminated in Plaintiff sending Defendants $250,000 for the transaction.  (*See id.* at ¶¶ 1-64.)

After filing the Complaint, Plaintiff's attorneys have tried to serve Defendants via the traditional processes, but have been unsuccessful to date.   Pursuant to Federal Rule of Civil Procedure ("Rule") 4(m), Plaintiff's deadline to serve Defendants is September 27, 2022.   (*See* Declaration of Michael D. Cilento ("Cilento Decl.") at ¶ 3.)   As such, Plaintiff now moves on an *ex parte* basis for an order to serve Defendants via alternative means.   Specifically, Plaintiff seeks to serve Defendants via the email addresses they have previously used to communicate with Defendants.   (*See generally* ECF No. 17.)   Defendants did not file an opposition despite being given notice of the *Ex Parte* Application via email.   (*See id.* at 3:1-18.)

### III. ANALYSIS

#### A. <u>Service by Email on Domestic Defendant George Dikian</u>

Rule 4(e)(1) provides that "an individual . . . may be served in a judicial district of the United States by: following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."   Fed. R. Civ. P. 4(e)(1).   As this Court is located in California, it may authorize service of process in conformity with California law.   Relevant here, section 413.30 of the California Code of Civil Procedure provides that "[w]here no provision is made in this chapter or other law for the service of summons, the court in which the action is pending may direct that summons be served in a manner which is reasonably calculated to give actual notice to the party to be served and that proof of such service be made as prescribed by the court."   Cal. Civ. Code § 413.30.   Courts in this district have held that service by email is only reasonably calculated to give notice where the plaintiff gives the Court "reason to believe that a defendant's email address is valid."   *Sendzul v. Hoag*, No. CV 21-06894-RGK (KS), 2022 WL 2124903, at *2 (C.D. Cal. Apr. 14, 2022) (internal citations omitted).

Here, service by email is "reasonably calculated to give actual notice" to the

Defendant Dikian.  For example, Plaintiff and Defendant Dikian have communicated via the following two email addresses for many years, including this year: (1) G.Dikian@yahoo.com; and (2) George@37.net.  (*See* Compl. at ¶¶ 18-19, 22, 33, 56-57; *see also* Declaration of Michael Gargulio ("Gargulio Decl.") at ¶¶ 4-5.)  Indeed, Defendant Dikian also previously confirmed that these email addresses belong to him through a phone conversation in May 2022, and Plaintiff's investigation of historical Whois records confirmed these email addresses belonged to Defendant Dikian.  (*See* Gargulio Decl. at ¶¶ 6-7.)

Furthermore, Plaintiff has engaged in significant efforts to serve Defendant Dikian through traditional means.  Specifically, Plaintiff's attorneys have conducted multiple investigations and background searches in order to locate a serviceable physical address for Defendant Dikian.  Plaintiff's investigation and searches produced one physical address, but when service was attempted at that address, the individual present was not Defendant Dikian and claimed not to know Defendant Dikian.  (*See* Cilento Decl. at ¶¶ 5-6; *see also* Gargulio Decl. at ¶ 9.)  Plaintiff has also attempted to determine Defendant Dikian's physical address through information he provided to Escrow.com, but has been unable to receive such information due to Escrow.com's privacy policies.  (*See* Gargulio Decl. at ¶ 8.)  Accordingly, under these circumstances, service by email would be the best method for providing actual notice to Defendant Dikian.

### B. Service by Email on Foreign Defendant Qiang Du

Rule 4(f) authorizes service of process on an individual in "a place not within any judicial district of the United States."  Fed. R. Civ. P. 4(f).  Pursuant to Rule 4(f)(3), a court can authorize service on a foreign individual "by other means not prohibited by international agreement."  Fed. R. Civ. P. 4(f)(3).  Based on the plain language of Rule 4(f)(3), service "must be (1) directed by the court; and (2) not prohibited by international agreement [and] [n]o other limitations are evident from the text."  *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002).

The Ninth Circuit has held that "service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.'"  *Id.* (internal citation omitted).  "It is merely one means among several which enables service of process on an international defendant."  *Id.*  Accordingly, "[a] plaintiff need not pursue other methods of service before requesting that the court authorize an alternative method under Rule 4(f)(3)."  *Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560, 563 (C.D. Cal. 2012).  Nevertheless, the "method of service of process must also comport with constitutional notions of due process."  *Id.* at 1017.  In other words,

the method of service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* (citing *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)).  As noted above, service by email is only reasonably calculated to give notice where the plaintiff gives the Court "reason to believe that a defendant's email address is valid."  *Sendzul*, 2022 WL 2124903, at *2 (internal citations omitted).

Here, Plaintiff has provided sufficient evidence that the alternative means of service requested comport with due process and the "particularities and necessities of [the] case require alternative service of process."  *Rio Properties, Inc.*, 284 F.3d at 1016.  First, Plaintiff and Defendant Du have communicated via the following email address previously: rhwdomains@gamil.com.  (*See* Gargulio Decl. ¶¶ 10-12.)  Furthermore, Defendant Du has never provided a physical address to Plaintiff, and despite Plaintiff's efforts, it has been unable to locate his exact location in Hong Kong.  (*See* Gargulio Decl. at ¶¶ 13-14; *see also* Cilento at ¶ 8.)  As such, service by email is reasonably calculated to give notice to Defendant Du.  *See Sec. & Exch. Comm'n v. Pithapurwala*, No. CV 21-9384 PA (AFMX), 2022 WL 2199939, at *3 (C.D. Cal. Mar. 11, 2022) (holding that "service at [a] confirmed email address [which has been used to communicate] is reasonably calculated to give ()notice and an opportunity to present objections."); *see also Tatung Co. Ltd. v. Hsu*, No. SA CV 13-1743-DOC (ANx), 2015 WL 11089492, at *3 (C.D. Cal. May 18, 2015) (noting that service via a confirmed, regularly used email address satisfies Rule 4(f)(3)).

Second, Plaintiff has also demonstrated that service via email is not prohibited by an international agreement.  Specifically, Hong Kong—where Plaintiff asserts Defendant Du resides and is domiciled at—is bound by the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents.[1]  *See* Hague Conf. on Private Int'l Law, Members, http://www.hcch.net/en/states/hcch-members/details1/?sid=30, last visited Sept. 8, 2022.  Relevant here, the Hague Service Convention does not expressly prohibit service by email.  *See Facebook, Inc. v. Banana Ads, LLC*, No. C-11-3619 YGR, 2012 WL 1038752, at *2 (N.D. Cal. Mar. 27, 2012) (collecting district court cases from this circuit holding that the Hague Service Convention does not expressly prohibit email service).

---

[1] Hong Kong is a special administrative region of the People's Republic of China, which has advised the United States that the Hague Service Convention is in effect in Hong Kong.  *See* U.S. Dep't of State, Hong Kong Judicial Assistance, https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/HongKong.html, last visited Sept. 8, 2022.

Accordingly, under these circumstances, the Court finds that service by email comports with due process and is not prohibited by international agreement.

## IV.   CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's *Ex Parte* Application. Plaintiff is **ORDERED** to serve Defendants Dikian and Du with the summons, operative complaint, and other documents required to be served under the local rules by emailing these documents to G.Dikian@yahoo.com, George@37.net, and rhwdomains@gmail.com, and request a read receipt.   Plaintiff is also **ORDERED** to serve Defendants within fourteen (14) days of the issuance of this Order, and file the corresponding email confirmations and proofs of service.

Furthermore, Plaintiff is **ORDERED** to serve Defendants with all subsequent pleadings by email, unless counsel(s) for Defendants enters an appearance before the Court.   Defendants will have twenty-one (21) days to answer the Complaint from the filing of Plaintiff's email confirmations and proofs of service.

**IT IS SO ORDERED**.