Michael L. Rodenbaugh (California Bar No. 179059)
Jonathan Frost (California Bar No. 273189) (appearance pending)
RODENBAUGH LAW
548 Market Street – Box 55819
San Francisco, California 94104
Phone:  (415) 738-8087
Email:  mike@rodenbaugh.com

*Attorneys for Defendant*
*sued as George Dikian*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

VPN.COM LLC,

           Plaintiff,

       vs.

GEORGE DIKIAN, QIANG DU,
and JOHN DOE,

         Defendants.

:
:
:
:
:
:
:
:
:
:
:
:

Case No.: 2:22-cv-4453-AB-MAR

GEORGE DIKIAN'S ANSWER
AND AFFIRMATIVE DEFENSES

**DEMAND FOR JURY TRIAL**

## DIKIAN'S ANSWER TO PLAINTIFF'S COMPLAINT

The Defendant herein sued as George Dikian ("Dikian"), by and through undersigned counsel, hereby responds to the numbered allegations in Plaintiff VPN.COM LLC's ("VPN.com" or "Plaintiff") complaint, filed June 29, 2022 (the "Complaint"), as set forth below.   Unless specifically admitted, Dikian denies each and all of the allegations in Plaintiff's Complaint.

1.      Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this Paragraph, and therefore denies the allegations of this Paragraph.   On information and belief, based upon the admissions in Plaintiff's Complaint, it is Plaintiff that attempted to commit one completely fraudulent domain name transaction.   Apparently blinded yet guided by nothing but greed, Plaintiff alleges that it was defrauded of some $250,000 worth of bitcoin (as of May 4, 2022 – worth about half that amount now), in the process of perpetrating its own fraud, by which Plaintiff hoped to extract a $2,150,000 so-called "commission" as an undisclosed dual agent for both parties to the fictional transaction.

2.      Dikian admits that Dikian is the professional alias identity of a well-known domain name investor and reseller.   Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this Paragraph, and therefore denies the remaining allegations of this Paragraph.   On information and belief, based upon reasonable investigation, the purported "escrow service" Intermediar.com was an obvious fraud that could never be trusted in any transaction.   For example, the purported escrow service website contained a purported blog, with text that was simply copied and pasted from other industry websites, such as Namecheap and Dan.com.   More significantly, in the website's purported "Terms of Service", no person or legal

entity was identified, the address was stated as a 14-story office building, and there was no such registered company in the Netherlands as "Intermediar.com" identified in the terms of service on the site (which also consisted of copied text from a site called Paylax). These two facts make it immediately obvious that the Intermediar.com website consisted mostly of text copied from other sites, and failed to identify any existing person or legal entity of any kind which might be held accountable. Yet, on information and belief based upon the allegations in the Complaint, Plaintiff sought to conduct a transaction worth more than $6 million through this obviously fake "escrow service." On information and belief based upon experience in the domain name industry, such "fake escrow scams" have been perpetrated and revealed publicly many times in the industry over many years. Any purportedly professional domain name broker, as Plaintiff purports to be, would never utilize such a "new" and obviously fraudulent "escrow service" for any significant transaction.

3.    Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this Paragraph, and therefore denies the allegations of this Paragraph.

4.    Dikian denies any and all allegations against Dikian in this Paragraph. Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this Paragraph, and therefore denies the allegations of this Paragraph.

5.    Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this Paragraph, and therefore denies the allegations of this Paragraph.

6.     Dikian admits that Dikian is the professional alias identity of a well-known domain name investor and reseller.  Dikian denies that Dikian resides or is domiciled in the State of California.

7.     Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this Paragraph, and therefore denies the allegations of this Paragraph.

8.     Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this Paragraph, and therefore denies the allegations of this Paragraph.

9.     This Paragraph states a legal conclusion, and therefore no response is required.  To the extent that a response is required, Dikian denies the allegations of this Paragraph.

10.     This Paragraph states a legal conclusion, and therefore no response is required.  To the extent that a response is required, Dikian denies the allegations of this Paragraph.

11.     This Paragraph states a legal conclusion, and therefore no response is required.  Dikian denies that Dikian resides in California.  Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this Paragraph, and therefore denies the remaining allegations of this Paragraph.

12.     This Paragraph states a legal conclusion, and therefore no response is required.  To the extent that a response is required, Dikian denies the allegations of this Paragraph.

13.     Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this Paragraph, and therefore denies the allegations of this Paragraph.

14.     Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this Paragraph, and therefore denies the allegations of this Paragraph.

15.     Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this Paragraph, and therefore denies the allegations of this Paragraph.

16.     Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this Paragraph, and therefore denies the allegations of this Paragraph.

17.     Dikian admits that 89.com was and is owned by Dikian.  Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this Paragraph, and therefore denies the allegations of this Paragraph.

18.     Dikian admits that Dikian is the professional alias identity of a well-known domain name investor and reseller.  Dikian admits that there are many active domain name records listing "G.Dikian@yahoo.com" as an email contact, as identified by a "reverse WHOIS" search on DomainTools.  Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this Paragraph, and therefore denies the remaining allegations of this Paragraph.

19.     Dikian denies that Dikian received email from Plaintiff on March 8, 2022 at either of Dikian's email addresses "G.Dikian@yahoo.com" or "George@37.net".  Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this Paragraph, and therefore denies the remaining allegations of this Paragraph.

20.    Dikian denies that any response was sent by Dikian from either of Dikian's email addresses "G.Dikian@yahoo.com" or "George@37.net".  Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this Paragraph, and therefore denies the remaining allegations of this Paragraph.

21.    Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this Paragraph, and therefore denies the allegations of this Paragraph.  On information and belief, based upon long experience in the domain name industry, 89.com is worth far more than $2 million or $3 million, as the numbers 8 and 9 are very significant in Chinese culture, and 89.com is one of only 99 two-digit .com domain names in existence. It is an extremely scarce and thus extremely valuable asset.

22.    Dikian denies that Dikian received email from Plaintiff in March 2022 at either of Dikian's email addresses "G.Dikian@yahoo.com" or "George@37.net".  Dikian denies ever having registered or used the "George.Dikian@Gmail.com" email address.  Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this Paragraph, and therefore denies the remaining allegations of this Paragraph.

23.    Dikian denies that Dikian agreed on anything with Plaintiff, ever. Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this Paragraph, and therefore denies the remaining allegations of this Paragraph.

24.    Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this Paragraph, and therefore denies the allegations of this Paragraph.

25.     Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this Paragraph, and therefore denies the allegations of this Paragraph.  On information and belief, based on long experience in the domain name industry, it is unconscionable for any domain name broker to charge a nearly 100% commission  (based on the sales price) in any transaction.  Typical domain name brokerage commissions for multi-million dollar transactions are in the range of 5% to 15%.  Dual agency transactions such as that described by Plaintiff are highly discouraged, if not illegal.  Dikian states that he has never and would never agree to any transaction proposed by a dual agent disclosing a nearly 100% commission on the sales price.

26.     Dikian denies that Dikian insisted or agreed that any transaction be done through Intermediar, or that Dikian stated anything about bitcoin, or that Dikian stated anything to Plaintiff about any potential tax burden arising from the fictional transaction alleged by Plaintiff.  Dikian denies that he has ever conducted any transaction through Intermediar.  Dikian denies that he has ever owned any bitcoin or ever transacted in bitcoin.  Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this Paragraph, and therefore denies the remaining allegations of this Paragraph.  On information and belief, based upon reasonable investigation, the purported "escrow service" Intermediar.com was an obvious fraud that could never be trusted in any transaction.  For example, the purported escrow service website contained a purported blog, with text that was simply copied and pasted from other industry websites, such as Namecheap and Dan.com.  More significantly, in the website's purported "Terms of Service", no person or legal entity was identified, the address was stated as a 14-story office building, and there was no such registered company in the Netherlands as "Intermediar.com"

identified in the terms of service on the site (which also consisted of copied text from a site called Paylax). These two facts make it immediately obvious that the Intermediar.com website consisted mostly of text copied from other sites, and failed to identify any existing person or legal entity of any kind which might be held accountable. Yet, on information and belief based upon the allegations in the Complaint, Plaintiff sought to conduct a transaction worth more than $6 million through this obviously fake "escrow service." On information and belief based upon a mere modicum of experience in the domain name industry, such "fake escrow scams" have been perpetrated and revealed publicly many times in the industry over many years. Any purportedly professional domain name broker, as Plaintiff purports to be, would never utilize such a "new" and obviously fraudulent "escrow service" for any significant transaction.

27. Dikian denies that Dikian agreed that any transaction be done through Intermediar. Dikian denies that he has ever conducted any transaction through Intermediar. Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this Paragraph, and therefore denies the remaining allegations of this Paragraph.

28. Dikian denies having had any correspondence with Plaintiff about cryptocurrency and/or Mr. Du. Dikian denies that Dikian agreed to any transaction with Plaintiff involving Intermediar, bitcoin, or otherwise. Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this Paragraph, and therefore denies the remaining allegations of this Paragraph.

29. Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this Paragraph, and therefore denies the allegations of this Paragraph.

30.     Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this Paragraph, and therefore denies the allegations of this Paragraph.

31.     Dikian denies that Dikian emailed Plaintiff from the email address George@89.com on April 16, 2022.  Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this Paragraph, and therefore denies the remaining allegations of this Paragraph.

32.     Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this Paragraph, and therefore denies the allegations of this Paragraph.

33.     Dikian denies that Dikian purported to accept any transaction through Intermediar, ever.  Dikian further denies that Dikian ever registered any account with Intermediar.  Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this Paragraph, and therefore denies the remaining allegations of this Paragraph.

34.     Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this Paragraph, and therefore denies the allegations of this Paragraph.

35.     Dikian admits that Dikian never transferred the 89.com domain name to Intermediar, as Dikian never agreed to any transaction through Intermediar and Dikian never agreed to sell the name to Plaintiff or anyone else. Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this Paragraph, and therefore denies the remaining allegations of this Paragraph.

36.     Dikian denies that he provided any bitcoin wallet address to Plaintiff.  Dikian states that he has never owned any bitcoin or operated any bitcoin wallet.  Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this Paragraph, and therefore denies the remaining allegations of this Paragraph.

37.     Dikian admits that 89.com was never transferred from Dikian, as Dikian never agreed to any such transfer.   Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this Paragraph, and therefore denies the remaining allegations of this Paragraph.

38.     Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this Paragraph, and therefore denies the allegations of this Paragraph.

39.     Dikian denies that Dikian "provided VPN with 95 additional premium domains for transacting" or that Dikian negotiated with Plaintiff about any such domains.  Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this Paragraph, and therefore denies the remaining allegations of this Paragraph.

40.     Dikian denies that Dikian agreed to any such transaction with Du or anyone else.  Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this Paragraph, and therefore denies the remaining allegations of this Paragraph.  On information and belief, based on long experience in the domain name industry, it is unconscionable for any domain name broker to charge more than 50% commission (based on the sales price) in any transaction.  Typical domain name brokerage commissions for multi-million dollar transactions are in the range of

5% to 15%.  Dual agency transactions such as that described by Plaintiff are highly discouraged, if not illegal.  Dikian states that he has never and would never agree to any transaction proposed by a dual agent disclosing a greater than 50% commission on the sales price.

41.    Dikian admits that Escrow.com is one of the world's largest and most reputable online escrow services.  Dikian denies that Dikian arranged or agreed to any such transaction with Du or anyone else.  Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this Paragraph, and therefore denies the remaining allegations of this Paragraph.

42.    Dikian denies that Dikian sent any such video to Plaintiff on May 1, 2022, or ever.  Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this Paragraph, and therefore denies the remaining allegations of this Paragraph.

43.    Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this Paragraph, and therefore denies the allegations of this Paragraph.

44.    Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this Paragraph, and therefore denies the allegations of this Paragraph.

45.    Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this Paragraph, and therefore denies the allegations of this Paragraph.

46.    Dikian denies that Dikian agreed to any terms of such transaction through Escrow.com or otherwise.  Dikian lacks knowledge or information

sufficient to form a belief as to the truth or falsity of the allegations of this Paragraph, and therefore denies the allegations of this Paragraph.

47.    Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this Paragraph, and therefore denies the allegations of this Paragraph.

48.    Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this Paragraph, and therefore denies the allegations of this Paragraph.

49.    Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this Paragraph, and therefore denies the allegations of this Paragraph.

50.    Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this Paragraph, and therefore denies the allegations of this Paragraph.

51.    Dikian denies that he has ever owned any bitcoin, transacted in bitcoin, or operated any bitcoin wallet.  Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this Paragraph, and therefore denies the remaining allegations of this Paragraph.

52.    Dikian denies that Dikian ever received any bitcoin, or confirmed receipt of any bitcoin.  Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this Paragraph, and therefore denies the remaining allegations of this Paragraph.

53.    Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this Paragraph, and therefore denies the allegations of this Paragraph.

54.     Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this Paragraph, and therefore denies the allegations of this Paragraph.

55.     Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this Paragraph, and therefore denies the allegations of this Paragraph.

56.     Dikian admits that on May 11, 2022, Dikian notified Plaintiff by email from the email address G.Dikian@Yahoo.com, that the purported 89.com transaction was not initiated nor agreed by Dikian, and that Dikian did not receive any bitcoin from Plaintiff.  Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this Paragraph, and therefore denies the remaining allegations of this Paragraph.

57.     Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this Paragraph, and therefore denies the allegations of this Paragraph.

58.     Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this Paragraph, and therefore denies the allegations of this Paragraph.

59.     Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this Paragraph, and therefore denies the allegations of this Paragraph.

60.     Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this Paragraph, and therefore denies the allegations of this Paragraph.

61.     Dikian denies that he ever owned any bitcoin, transacted in bitcoin, or operated any bitcoin wallet.  Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this Paragraph, and therefore denies the remaining allegations of this Paragraph.

62.     Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this Paragraph, and therefore denies the allegations of this Paragraph.

63.     Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this Paragraph, and therefore denies the allegations of this Paragraph.

64.     Dikian admits that 89.com was never transferred from Dikian's registrar, as Dikian never agreed to any such transfer.  Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this Paragraph, and therefore denies the remaining allegations of this Paragraph.

65.     Dikian realleges and incorporates by reference the preceding paragraphs set forth above as if fully stated under this claim.

66.     Dikian denies any and all allegations against Dikian in this Paragraph.  Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this Paragraph, and therefore denies the remaining allegations of this Paragraph.

67.     Dikian denies any and all allegations against Dikian in this Paragraph.  Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this Paragraph, and therefore denies the remaining allegations of this Paragraph.

68.     Dikian denies any and all allegations against Dikian in this Paragraph. Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this Paragraph, and therefore denies the remaining allegations of this Paragraph.

69.     Dikian denies any and all allegations against Dikian in this Paragraph. Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this Paragraph, and therefore denies the remaining allegations of this Paragraph.

70.     Dikian denies any and all allegations against Dikian in this Paragraph. Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this Paragraph, and therefore denies the remaining allegations of this Paragraph.

71.     Dikian denies any and all allegations against Dikian in this Paragraph. Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this Paragraph, and therefore denies the remaining allegations of this Paragraph.

72.     Dikian denies any and all allegations against Dikian in this Paragraph. Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this Paragraph, and therefore denies the remaining allegations of this Paragraph.

73.     Dikian denies any and all allegations against Dikian in this Paragraph. Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this Paragraph, and therefore denies the remaining allegations of this Paragraph.

74.     Dikian denies any and all allegations against Dikian in this Paragraph. Dikian lacks knowledge or information sufficient to form a belief as

to the truth or falsity of the remaining allegations of this Paragraph, and therefore denies the remaining allegations of this Paragraph.

75.    Dikian realleges and incorporates by reference the preceding paragraphs set forth above as if fully stated under this claim.

76.    Dikian denies any and all allegations against Dikian in this Paragraph.  Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this Paragraph, and therefore denies the remaining allegations of this Paragraph.

77.    Dikian denies any and all allegations against Dikian in this Paragraph.  Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this Paragraph, and therefore denies the remaining allegations of this Paragraph.

78.    Dikian denies any and all allegations against Dikian in this Paragraph.  Dikian denies that "Intermediar remains up and continues to appear as a legitimate business and online escrow service."  Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this Paragraph, and therefore denies the remaining allegations of this Paragraph.

79.    Dikian denies that he ever requested or accepted payment through use of the Bitcoin Lightning network.  Dikian denies any and all other allegations against Dikian in this Paragraph.   Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this Paragraph, and therefore denies the remaining allegations of this Paragraph.

80.    Dikian denies any and all allegations against Dikian in this Paragraph.  Dikian lacks knowledge or information sufficient to form a belief as

to the truth or falsity of the remaining allegations of this Paragraph, and therefore denies the remaining allegations of this Paragraph.

81.    Dikian denies any and all allegations against Dikian in this Paragraph.  Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this Paragraph, and therefore denies the remaining allegations of this Paragraph.

82.    Dikian denies any and all allegations against Dikian in this Paragraph.  Dikian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this Paragraph, and therefore denies the remaining allegations of this Paragraph.

## ANSWER TO PRAYER FOR RELIEF

Dikian denies that Plaintiff is entitled to any of the relief prayed for, or any relief whatsoever.

## DIKIAN'S AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Unclean Hands)

Dikian alleges that Plaintiff's claims are barred by the doctrine of unclean hands.

## SECOND AFFIRMATIVE DEFENSE

### (Waiver)

Dikian alleges that Plaintiff has waived any and all rights or claims it had, or may have had, against Dikian by its conduct, errors, and omissions.

## THIRD AFFIRMATIVE DEFENSE

### (Consent/Ratification/Acquiescence)

Dikian alleges that Plaintiff consented to, ratified, and or acquiesced in the matters of the underlying Complaint, barring Plaintiff from any recovery.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Dikian alleges that Plaintiff's claims are barred in whole or in part by Plaintiff's failure to mitigate damages, if any.

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

Dikian alleges that Plaintiff is estopped from asserting any and all rights or claims it had, or may have had, against Dikian by Plaintiff's conduct, errors, and omissions.

## SIXTH AFFIRMATIVE DEFENSE

### (Good Faith)

Dikian alleges that any conduct averred by Plaintiff to constitute wrongful acts, if any such occurred, were undertaken by Dikian in good faith, for valid and legitimate purposes, and pursuant to the exercise of good and reasonable judgment.

## SEVENTH AFFIRMATIVE DEFENSE

### (Innocent Intent)

Dikian alleges that Plaintiff's damages, if any, are limited and/or excused by Dikian's innocent intent.

## EIGTH AFFIRMATIVE DEFENSE

### (Lack of Damages)

Dikian alleges that Plaintiff did not sustain any cognizable damages, whatsoever, and did not sustain any damages from any act or omission attributable to Dikian.

## NINTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Dikian alleges that any relief as requested by Plaintiff in its Complaint, or any relief whatsoever, would amount to unjust enrichment and is therefore barred.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Dikian alleges that Plaintiff's allegations fail to state a claim upon which relief can be granted.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Frivolous Claims)

Dikian alleges that each and every cause of action stated in Plaintiff's Complaint is not brought in good faith, but for an improper purpose, and is brought without reasonable cause, and is frivolous in nature, thereby subjecting Plaintiff and/or Plaintiff's counsel to the imposition of sanctions pursuant to Rule 11 of the Federal Rules and/or the Court's inherent powers.

## DEMAND FOR JURY TRIAL

Dikian respectfully requests trial by jury, for all issues so triable.

Respectfully submitted,

**RODENBAUGH LAW**

Dated: December 9, 2022

By: _____

Michael L. Rodenbaugh (SBN 179059)
RODENBAUGH LAW
548 Market Street - Box 55819

San Francisco, CA 94104
(415) 738-8087
mike@rodenbaugh.com

*Attorneys for Defendant sued as George Dikian*

DEFENDANT GEORGE DIKIAN'S
ANSWER AND AFFIRMATIVE DEFENSES
Case No. 2:22-cv-4453