Brett Lewis, Esq. (*pro hac vice*)
*Brett@iLawco.com*
Michael Cilento, Esq. (*pro hac vice*)
*Michael@iLawco.com*
**LEWIS & LIN, LLC**
77 Sands Street, 6th Floor
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326


Ji-In Lee Houck (SBN 280088)
*jiin@houckfirm.com*
**THE HOUCK FIRM**
16501 Ventura Blvd, Suite 400-199
Encino, CA 91436
Tel: (888) 446-8257
*Attorneys for VPN.COM LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VPN.COM LLC,<br><br>        *Plaintiff*,<br><br>vs.<br><br>GEORGE DIKIAN et al.<br><br>        *Defendants*. | CASE NO. 2:22-cv-04453-AB-MAR<br><br>[Assigned to Judge Andre Birotte Jr.]<br><br>**JOINT RULE 26(f) REPORT**<br><br>Scheduling Conference:<br><br>Date:     February 10, 2023<br>Time:    10:00 a.m.<br>Crtrm:   7B |

     Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 26-1, Plaintiff VPN.COM LLC ("VPN"), and Defendant GEORGE DIKIAN ("Dikian"), through their respective counsel, jointly submit this Rule 26(f) Report following the conference of counsel required by Rule 26(f) of the Federal Rules of Civil Procedure and Central District Local Rule 26-1.

A.  **JOINT STATEMENT OF THE CASE**

**VPN's Statement**:

VPN was the victim of a massive fraud orchestrated by Dikian that spanned several months. Dikian ultimately lured VPN into sending Dikian's enterprise $250,000 as part of what turned out to be two completely fraudulent domain name sale transactions that VPN had thought it was brokering for Dikian.

As the linchpins of the fraud, the enterprise used, inter alia, (i) the reputation of Dikian, a well-known domain name investor and reseller; (ii) the known email address of Dikian that was and is connected to the domain names that were being brokered, as confirmed by WHOIS records; (iii) a sophisticated and completely fraudulent online website that posed as an escrow service; (iv) a fraudulent identity verification from the legitimate Escrow.com; and (v) the bitcoin blockchain to receive the ill-gotten funds.

VPN is not the only victim of this enterprise and racketeering. Dikian has defrauded others with these same methods. Instead of coming forward to properly defend this suit and disclose their true identity, Dikian insists on hiding behind the fake Dikian identity while at the same time instituting a smear campaign against VPN and its principles who are not choosing to hide like Dikian.

**Dikian's Statement**:

If Plaintiff was defrauded at all, then it was by an imposter using Dikian's reputation. Dikian is a well-known domain name owner and reseller, as Plaintiff alleges. But, Dikian never agreed to any transaction with Plaintiff involving Intermediar, bitcoin, Escrow.com, or otherwise. Dikian has never transacted through Intermediar, and has never owned bitcoin or transacted in bitcoin. Plaintiff is using this lawsuit, and this Court, in an attempt to extort money from another victim of this purported fraud – Dikian – whose reputation is now smeared by this ill-advised lawsuit. Indeed, Plaintiff now states in this public filing that "Dikian has defrauded others with these same methods" – but Plaintiff makes no

such allegation in its Complaint, and has produced no evidence to support it. It is just another smear.

Based upon the admissions in Plaintiff's Complaint, it is Plaintiff that has unclean hands. As Plaintiff attempted to engineer its own fraudulent domain name transaction, by which Plaintiff hoped to extract a $2,150,000 "commission" – nearly 100% of the purported sales price -- as an undisclosed dual agent for both parties to the fictional transaction. Dikian has never and would never agree to any transaction proposed by a dual agent disclosing a nearly 100% commission on the sales price. Indeed, no sophisticated domain name investor would ever agree to such a deal, as any commissions on such a deal would never exceed 15%. More fundamentally, Plaintiff could never be entitled to <u>any</u> commission at all, because no transaction was ever agreed or completed. Brokers do not earn commissions on deals that do not complete.

In any event, Plaintiff was reckless in succumbing to the alleged scam, and that was the sole cause of Plaintiff's alleged damage. The purported "escrow service" Intermediar.com was an obvious fraud that could never be trusted in any transaction. Any purportedly professional domain name broker, as Plaintiff purports to be, would never utilize such a new and obviously fraudulent "escrow service" for any significant transaction. Plaintiff was exceptionally greedy and negligent, and now seeks for this Court order -- and for Dikian to pay -- to compensate Plaintiff for the damage that Plaintiff solely caused itself. Dikian had nothing to do with it.

**B.  SUBJECT MATTER JURISDICTION**

Plaintiff alleges that this Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 arising from an alleged violation of the RICO statute, 18 U.S.C. §§ 1961. Plaintiff further alleges that this Court also has diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

C.   **LEGAL ISSUES**

**VPN's Statement**:

VPN has brought two claims against Dikian for fraud under California state law and for violation of the Federal Civil RICO statute, 18 U.S.C. § 1962(c). In order to succeed on the claims, VPN will need to prove (i) that Dikian's numerous false statements and representations to lure VPN into sending Dikian's enterprise $250,000 constitutes fraud under California state law, and (ii) that Dikian's pattern of use of the fraudulent online escrow service and the bitcoin blockchain coupled with the multiple predicate acts of fraud and false representations to VPN and others constitutes a violation of 18 U.S.C. § 1962(c).

**Dikian's Statement:**

Dikian denies that Plaintiff can prove either claim against Dikian, since Dikian had nothing to do with any of the events alleged in Plaintiff's Complaint. Moreover, Dikian has asserted eleven affirmative defenses, including without limitation unclean hands and failure to mitigate damages, as Plaintiff was reckless in attempting to commit its own fraud on two different domain investors – Dikian and Du.

D.   **PARTIES AND EVIDENCE**

**VPN's Statement**:

VPN is a Georgia limited liability company with a principal place of business at 378 Aldridge Avenue, Scottdale, GA 30079. VPN's sole members are Michael Gargiulo and Joseph Gargiulo. VPN has in its possession, inter alia, (i) all of the communications between VPN and Dikian, (ii) the fraudulent communications and messages from the fraudulent escrow service, (iii) the communications and verification from the legitimate Escrow.com, and (iv) the information as to the bitcoin transaction.

"George Dikian" was believed to be the legal name of Defendant Dikian. Through Dikian's counsel and Dikian's Answer to the Complaint, VPN learned

that "George Dikian" is actually a fake identity. VPN has not confirmed the true legal identity of Dikian, and Dikian and counsel have to date refused to disclose Dikian's true identity.

**Dikian's Statement**:

Dikian is the professional alias identity of a well-known domain name investor and reseller.  Dikian's true identity is not relevant to Plaintiff's claims, and the public disclosure of Dikian's true identity is likely to cause substantial and unjust damage to Dikian.  Dikian had nothing to do with the purported fraud alleged by Plaintiff, and thus should not suffer the damaging public reveal of his true identity.  That would only compound the problem that Plaintiff has caused by its own recklessness, and by its ill-advised Complaint -- which smears Dikian's reputation in the domain name investment and sales community.

**E.   DAMAGES**

**VPN's Statement**:

VPN seeks (i) the $250,000 that was unambiguously wired to and accepted by Dikian's enterprise, (ii) VPN's accrued, unpaid commissions from both domain name transactions, which totals $6,625,000, and (iii) punitive damages that will deter Dikian from defrauding any further victims.

**Dikian's Statement**:

Dikian denies that Plaintiff has been damaged in any way by any act of Dikian, who had nothing to do with any of the events alleged in Plaintiff's unseemly Complaint.  Moreover, Plaintiff's recklessness, unclean hands and failure to mitigate damages, *inter alia*, precludes any of the relief that Plaintiff seeks from this Court and/or from Dikian.

**F.   INSURANCE**

The parties are unaware of any relevant insurance policies at this time.

**G.   MOTIONS**

**VPN's Statement**:

VPN anticipates the need to file an amended complaint, or, at the very minimum and/or as the Court directs, an amended caption that names Dikian's true identity.

VPN also anticipates the need to file a motion to compel disclosure of Dikian's true identity, since, at this time, Dikian has refused to provide such information.

**Dikian's Statement**:

Dikian's true identity is not relevant to Plaintiff's claims, and the public disclosure of Dikian's true identity is likely to cause substantial and unjust damage to Dikian. Dikian had nothing to do with the purported fraud alleged by Plaintiff, and thus should not suffer the damaging public reveal of their true identity.

**H. DISPOSITIVE MOTIONS**

Both parties anticipate filing motions for summary judgment.

**I. MANUAL FOR COMPLEX LITIGATION**

The parties agree that there is no need to utilize the procedures of the Manual for Complex Litigation.

**J. STATUS OF DISCOVERY**

The parties have started third-party discovery. The parties have agreed to provide each other with initial disclosures by January 31, 2022.

**K. DISCOVERY PLAN**

All written discovery shall be conducted in accordance with the Federal Rules of Civil Procedure, specifically Rule 26 and Rules 29 through 37, as well as applicable Local Rules and the Orders of this Court. The parties agree to act reasonably in attempting to informally resolve any discovery dispute that may arise and to confer with each other to attempt to resolve any issue in good faith prior to seeking Court intervention.

### 1. Electronic Service

The parties consent to email service in this matter and agree that—for scheduling purposes—service will be effective on the date the email was received by the designated attorneys, as if made by personal service.

### 2. Changes to Limitations on Discovery

The Parties agree that no changes are needed to the limitations on discovery imposed by the Federal Rules and Local Rules.

### 3. Electronically Stored Information

The parties intend to negotiate a protocol for the production of Electronically Stored Information ("ESI Protocol"). That ESI Protocol will address any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced. The parties have been advised of their evidence preservation obligations and have taken steps to preserve relevant electronic and other materials. At this time, the parties have no reason to believe there are any issues regarding evidence preservation.

### 4. Privilege Issues and Protective Order

The parties anticipate that discovery materials will contain certain confidential or proprietary or highly personal information, and thus the parties have been negotiating a protective order to govern discovery.

However, the parties have to date been unable to agree on such a protective order. VPN believes a standard clause whereby a party can mark confidential information as it deems necessary should apply. Dikian wishes to have any non-public discovery or information be automatically deemed confidential.

With regard to claims of privilege or protection as trial-preparation materials, the parties agree as follows:

The party who is claiming privilege shall create a privilege log that will list any documents (or portions thereof) that would otherwise be responsive but are being withheld based upon a claim of privilege. The privilege log should include a

brief description of each document (or portion thereof) being withheld sufficient for the opposing party to assess the privilege claim being asserted, and designate it with a Bates or other number for identification purposes. The parties will cooperate to agree on a date to produce their respective privilege logs. The parties otherwise agree to the provisions stated in Federal Rule of Evidence 502, and agree that the Protective Order shall include a provision that the inadvertent disclosure of privileged information shall not constitute a waiver thereof, and shall include a claw-back provision for the return of inadvertently produced privileged information.

**Discovery to be sought:**

The Parties agree that discovery will need to be sought from each other as to all communications between the parties, as well as from several third parties, including email service providers, domain name registrars, Escrow.com, and other third-party witnesses.

**L.  DISCOVERY CUTOFF**

VPN proposed: 7/10/23

Dikian proposed: 5/12/23

**M.  EXPERT DISCOVERY**

VPN proposed: 8/3/23

Dikian proposed: 6/23/23

**N.  SETTLEMENT CONFERENCE/ALTERNATIVE DISPUTE RESOLUTION ("ADR")**

The parties have engaged in initial informal settlement discussions, which were not successful. The Plaintiff would be open to ADR after discovery. Dikian desires for a Settlement Conference to be held after a round of written discovery between the parties, and before more expensive depositions are permitted.

**O.  TRIAL ESTIMATE**

The parties have requested a jury trial, and they estimate that trial will last four to five days. The parties estimate that they will each call between four and six witnesses at trial, plus expert witnesses.

**P.  TRIAL COUNSEL**

VPN's lead trial counsel will be Brett Lewis and Mike Cilento of Lewis & Lin LLC in conjunction with Ji-In Lee Houck of Houck Law Firm serving as local counsel.

Dikian's lead trial counsel will be Mike Rodenbaugh of Rodenbaugh Law.

**Q.  INDEPENDENT EXPERT OR MASTER**

The parties do not anticipate a need for an independent expert or master.

**R.  SCHEDULE WORKSHEET**

The Parties have set forth their respective proposed trial dates and pre-trial timetables in the Court's Schedule of Pretrial and Trial Dates Worksheet, which is being submitted concurrently herewith as **Exhibit A**.

**S.  OTHER ISSUES**

**VPN's Statement**:

The main threshold issue right now is Dikian's refusal to provide Dikian's true legal identity to VPN. Without such disclosure, VPN cannot amend its Complaint or thoroughly seek discovery. Because a motion to compel will likely be required, VPN's proposed dates for amending the Complaint as well as discovery cutoffs are a bit further out than would normally be proposed.

**Dikian's Statement**:

Dikian's true identity is not relevant to Plaintiff's claims, and the public disclosure of Dikian's true identity is likely to cause substantial and unjust damage to Dikian. Dikian had nothing to do with the purported fraud alleged by Plaintiff, and thus should not suffer the damaging public reveal of his true identity.

| | | |
|---|---|---|
| DATED: JANUARY 27, 2023 | | BRETT E. LEWIS<br>MICHAEL D. CILENTO<br>LEWIS & LIN, LLC<br><br>JI-IN LEE HOUCK (SBN 280088)<br>HOUCK LAW FIRM<br><br>By:  /s/ Michael D. Cilento<br>       Michael D. Cilento (*pro hac vice*)<br>       *Attorneys for Plaintiff VPN.COM LLC.* |
| DATED: JANUARY 27, 2023 | | MIKE RODENBAUGH<br>RODENBAUGH LAW<br><br>By:  /s/ Mike Rodenbaugh<br>       Mike Rodenbaugh (SBN 179059)<br>       *Attorneys for Defendant George Dikian* |

### Attestation Regarding Signatures

I, Michael D. Cilento, attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: JANUARY 27, 2023         By: */s/ Michael D. Cilento*
                                                        Michael D. Cilento

**JUDGE ANDRÉ BIROTTE JR.**
<u>**SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET**</u>

*Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.*
*The Court <u>ORDERS</u> the parties to make every effort to agree on dates.*

| **Case No.** 2:22-cv-04453-AB-MAR | **Case Name:** VPN.COM LLC v. GEORGE DIKIAN, et al. | | | |
|---|---|---|---|---|
| **Trial and Final Pretrial Conference Dates** | | Pl(s)' Date mm/dd/yyyy | Def(s)' Date mm/dd/yyyy | Court Order mm/dd/yyyy |
| Check one: [X] Jury Trial or [ ] Court Trial (*Tuesday* at 8:30 a.m., within 18 months after Complaint filed) Estimated Duration: __4-5__ Days | | 11/7/23 | 11/7/23 | [ ] Jury Trial [ ] Court Trial _____ Days |
| Final Pretrial Conference ("FPTC") [L.R. 16], Hearing on Motions In Limine (*Friday* at 11:00 a.m., at least 17 days before trial) | | 10/20/23 | 10/20/23 | |
| **Event** [1] *Note*: Hearings shall be on Fridays at 10:00 a.m. Other dates can be any day of the week. | **Weeks Before FPTC** | Pl(s)' Date mm/dd/yyyy | Def(s)' Date mm/dd/yyyy | Court Order mm/dd/yyyy |
| Last Date to <u>*Hear*</u> Motion to Amend Pleadings /Add Parties *[Friday]* | | 5/24/23 | 3/24/23 | |
| Non-Expert Discovery Cut-Off **(no later than deadline for *filing* dispositive motion)** | 17 | 7/10/23 | 5/12/23 | |
| Expert Disclosure (Initial) | | 6/3/23 | 5/19/23 | |
| Expert Disclosure (Rebuttal) | | 7/3/23 | 6/9/23 | |
| Expert Discovery Cut-Off | 12[2] | 8/3/23 | 6/23/23 | |
| Last Date to <u>*Hear*</u> Motions *[Friday]* • Rule 56 Motion due at least 5 weeks before hearing • Opposition due 2 weeks after Motion is filed • Reply due 1 week after Opposition is filed | 12 | 8/28/23 | 7/28/23 | |
| Deadline to Complete Settlement Conference [L.R. 16-15] <u>Select</u> one: [X] 1. Magistrate Judge *(with Court approval)* [ ] 2. Court's Mediation Panel [ ] 3. Private Mediation | 10 | 8/07/23 | 4/21/23 | [ ] 1. Mag. J. [ ] 2. Panel [ ] 3. Private |
| **Trial Filings (first round)** • Motions In Limine • Memoranda of Contentions of Fact and Law [L.R. 16-4] • Witness Lists [L.R. 16-5] • Joint Exhibit List [L.R. 16-6.1] • Joint Status Report Regarding Settlement • Proposed Findings of Fact and Conclusions of Law [L.R. 52] *(court trial only)* • Declarations containing Direct Testimony, if ordered *(court trial only)* | 3 | 10/16/23 | 9/29/23 | |
| **Trial Filings (second round)** • Oppositions to Motions In Limine • Joint Proposed Final Pretrial Conference Order [L.R. 16-7] • Joint/Agreed Proposed Jury Instructions *(jury trial only)* • Disputed Proposed Jury Instructions *(jury trial only)* • Joint Proposed Verdict Forms *(jury trial only)* • Joint Proposed Statement of the Case *(jury trial only)* • Proposed Additional Voir Dire Questions, if any *(jury trial only)* • Evidentiary Objections to Decls. of Direct Testimony *(court trial only)* | 2 | 10/23/23 | 10/6/23 | |

[1] **The parties may seek dates for additional events by filing a separate Stipulation and Proposed Order.** <u>*Class actions and patent and ERISA cases in particular may need to vary from the above.*</u>

[2] **The parties may wish to consider cutting off expert discovery prior to the deadline for *filing* an MSJ.**