Michael L. Rodenbaugh (California Bar No. 179059)
Jonathan Frost (California Bar No. 273189)
RODENBAUGH LAW
548 Market Street – Box 55819
San Francisco, California 94104
Phone: (415) 738-8087
Email: mike@rodenbaugh.com

*Attorneys for Defendant
sued as George Dikian*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VPN.COM LLC,<br><br>          *Plaintiff*,<br><br>vs.<br><br>GEORGE DIKIAN et al.<br><br>          *Defendants*. | CASE NO. 2:22-cv-04453-AB-MAR<br><br>***EX PARTE* APPLICATION FOR TEMPORARY EMERGENCY ORDER** |

Pursuant to Local Rules 7-19 and 7-19.1, and this court's Standing Order, Defendant sued as George Dikian hereby requests a temporary emergency order requiring Plaintiff to refrain from filing any amended complaint or other document which names the real identity of the Defendant in this matter, or from otherwise disclosing RPI's true identity publicly, until such time as the court has ruled on Defendant's Motion to Proceed under Pseudonym.  Defendant shall file that Motion by Friday July 21, for a regularly noticed hearing.

By phone call at 2 p.m. PDT today and email at 2:04 p.m. PDT today, Plaintiff's counsel stated that Plaintiff intends to oppose this Application (*see also infra*, #14, 19).  Per Local Rule 7-19.1, Plaintiff's counsel is Michael Cilento, Lewis & Lin LLC, 77 Sands Street, 6th Floor, Brooklyn, NY 11201.  Mr. Cilento's

direct phone number is 347-404-5844, and his email address is michael@ilawco.com.

In support of this Application, Defendant states as follows:

1. On June 29, 2022, Plaintiff filed the operative Complaint in this matter, naming George Dikian, Qiang Du[1] and John Doe as Defendants. (Dkt. No.1).

2. The Complaint alleges that "Defendants used, *inter alia*, the reputation of Dikian, a well-known domain name investor and reseller, as well as a … website that posed as an escrow service, as the linchpins of their scheme to convince [Plaintiff] VPN that VPN was brokering legitimate transactions between Dikian and Du." (*Id.*, #2).

3. In fact, Dikian is a professional alias and pseudonym that has been used by a defendant real party in interest (hereinafter "RPI") for some 25 years, in order to protect RPI's privacy and property, as RPI is the owner of many extremely valuable domain name properties. Those properties include all of the domain names listed in the Complaint, including 89.com which Plaintiff valued at $4.4 million (*Id.*, #24), and a list of 95 numeric domains which Plaintiff valued at $12.5 million (*Id.*, #39-40 and Annex A). RPI also owns many other valuable domain name properties not mentioned in the Complaint.

4. Plaintiff has known the real identity of Defendant RPI since at least as early as December 15, 2022, when Plaintiff sent a third-party subpoena seeking information about RPI, using RPI's real name.

---

[1] Plaintiff voluntarily dismissed Qiang Du as a defendant on December 22, 2022. (Dkt., No. 35). Plaintiff has not sought leave to amend the Complaint within the time allowed by the court's scheduling orders, despite the parties' stipulation and the court's prior order extending -- by more than two months -- the time for Plaintiff to seek leave to amend the Complaint. (Dkt., No. 45).

Defendant's Ex Parte Application
Case No. 2:22-cv-04453-AB-MAR

5. Defendant RPI also signed RPI's real name upon the sworn Verification of RPI's Responses to Plaintiff's First Set of Interrogatories, wherein RPI's real identity was stated in response to Interrogatory #1.

6. Defendant RPI also has produced a copy of RPI's driver's license to Plaintiff's counsel, in response to Plaintiff's First Set of Requests for Production.

7. Plaintiff has sent at least seven third-party subpoenas seeking confidential information about RPI, including to Microsoft, Yahoo!, RPI's domain name registrar (Tucows), and RPI's domain escrow service (Escrow.com). All companies responded, and the Escrow.com subpoena response included a copy of RPI's former Nevada driver's license.

8. Based on the foregoing, it is clear that Plaintiff has known RPI's true identity for at least eight months, and that Plaintiff has had no difficulty obtaining evidence relating to RPI's true identity, both from RPI and from reputable third parties.

9. The parties negotiated and the court has entered a Protective Order "to adequately protect information the parties are entitled to keep confidential." (Dkt., No. 43, Sec. II.A).

10. Defendant RPI maintains that RPI is entitled to keep its true identity confidential, in order to maintain RPI's longstanding professional alias and pseudonym which have been used privately and reputably in the domain name industry for more than 20 years in effort to protect RPI's privacy and property. Indeed, in this case, two expert witnesses have confirmed that RPI's Yahoo! Mail account listed in public WHOIS records (g.dikian@yahoo.com) was hacked into by a criminal that logged into that account from European service providers, in order to perpetrate the alleged fraud on Plaintiff. This proves that RPI's valuable domain name properties are a target of criminals, and that the extra layer of protection provided by

1         RPI's alias helped to keep the criminals away from stealing those properties from RPI directly.

11. RPI will explain this further, and will provide the expert reports and a sworn Declaration to the court in support of RPI's Motion to Proceed under Pseudonym, which will be filed no later than Friday, July 21, 2023.

12. In this Application, RPI only seeks an emergency, temporary order requiring Plaintiff to refrain from filing any amended complaint or other document which names the real identity of the Defendant in this matter, or from otherwise disclosing RPI's true identity publicly, until such time as the court has ruled on the aforesaid Motion.

13. In email yesterday and today, Plaintiff's counsel has threatened to file an *ex parte* application "this week" for leave to file an amended complaint to, among other things, name the true identity of Dikian and RPI, and also to delay the trial schedule.

14. RPI's counsel has offered to stipulate to filing of the amended complaint, provided that RPI's identity is not disclosed therein, and no new claims are added at this late date.[2] RPI's counsel has provided Ninth Circuit case authority and preliminary argument for maintaining RPI's privacy, and has received no counter-argument or authority from Plaintiff's counsel. Specifically, undersigned counsel emailed Plaintiff's counsel yesterday and stated in part:

> Ninth Circuit case law allows a party to proceed through litigation under a pseudonym "when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-68 (9th Cir. 2000). Here, our client has used that

---

[2] Plaintiff's counsel yesterday indicated that Plaintiff no longer seeks to add any new claim, and so this issue of RPI's true identity appears to be the only point of contention about the proposed amendments.

Defendant's Ex Parte Application
Case No. 2:22-cv-04453-AB-MAR

4

> alias for more than 20 years in effort to protect [] valuable domain assets and [] personal safety. The fact that criminals have targeted [RPI] and those assets starkly proves why [RPI] needs to take such measures. VPN has not argued, and can not argue, that it is prejudiced at all in the litigation. Indeed they sued Dikian, you and your client know [RPI's] real identity through confidential information produced in the litigation, and you have not had any problems getting any discovery from our client or from third parties about our client.
>
> As for the public interest, it is not strong in this case. *See, e.g., Doe v. Mozer*, No. 2:16-cv-00210-KJD-VCF, at *2 (D. Nev. June 24, 2016) ("prejudice against the public's interest in knowing the party's true name is insignificant. Party anonymity does not obstruct the public's view of the issues or the Court's performance in resolving them."). There is no legitimate reason why our client's alias should be destroyed, and you have not made any such argument to date.
>
> As this appears to be our only area of remaining disagreement as to the case schedule and the pleadings, we again suggest that we stipulate to the schedule that we have agreed to, and to your other proposed amendments (once we see them...). And if your client still insists on wanting to reveal our client's real name, then we propose to file a motion this week to proceed under the pseudonym. In the event the court denies that motion, then your client would be allowed another amendment at that time.
>
> I am available to meet and confer further about these issues this week.

15. RPI maintains that there would be no prejudice to Plaintiff whatsoever if RPI is allowed to proceed in this matter under RPI's pseudonym, as Plaintiff sued RPI's alias name George Dikian, and Plaintiff has proceeded through more than one year of litigation and discovery already, without any problem or prejudice.

16. RPI further maintains that Plaintiff's sole reason to "out" RPI's true identity is to harass RPI, as no other reason has even been alleged by Plaintiff for doing so.

Defendant's Ex Parte Application
Case No. 2:22-cv-04453-AB-MAR

17. RPI further maintains that such disclosure would breach the terms of the Protective Order.

18. RPI further maintains that there is no public interest in revealing RPI's real name, as RPI is not a public figure. RPI has been operating privately in the domain name industry, under the George Dikian alias, for some 25 years without complaint.

19. Nevertheless, in Plaintiff's counsel's own words in reply email this morning, "the time for you to move for a protective order is 'long passed.' [RPI] will be named this week. [RPI] should prepare … for that."

20. There can be no material prejudice to Plaintiff if this application is granted. The requested order will only maintain the *status quo* until the court can rule on a fully briefed motion.

21. Therefore, RPI requests the court to enter a temporary emergency order requiring Plaintiff to refrain from filing any amended complaint or other document which names the real identity of Defendant RPI, and from otherwise disclosing RPI's true identity publicly, until such time as the court has ruled on RPI's Motion to Proceed under Pseudonym.

22. In accord with Local Rule 7-19, a proposed *ex parte* order is lodged herewith.

RESPECTFULLY SUBMITTED,

DATED: JULY 18, 2023

RODENBAUGH LAW

By: /s/ Mike Rodenbaugh
Mike Rodenbaugh (SBN 179059)

*Attorneys for Defendant sued as George Dikian*