# FINNEGAN

MEDIA MENTION

# Domain Name Theft: Knowing Where to Turn

February 27, 2015
*Trademarks & Brands Online*

Domain name theft is a constant concern and threat for brands. Trademarks & Brands Online reached out to Finnegan attorney, Marina Lewis, for her thoughts. Lewis states that if hacking "does happen then it is a huge problem, because it involves essentially the brand and its online presence being hijacked by another party." She mentions that the Uniform Domain-Name-Dispute-Resolution Policy (UDRP) is inconsistent in its decisions regarding domain name theft but that she expects authorities to take action, noting that various states in the U.S. now recognize a domain name rights as intellectual property rights. She states, "[w]e are going to see more resources and we're going to more avenues for recovery for brand owners."

## Tags

Uniform Domain Name Dispute Resolution Policy (UDRP)

## Related Industries

Consumer Products
Electrical and Computer Technology
Energy
Clean Energy and Renewables



toggle accessibility mode





# Domain Theft Causes of Action to Recover Stolen Domain

February 11, 2015 By **John DiGiacomo**

Domain names are valuable to companies and private individuals alike because they connect entities to the World Wide Web—the Internet Age's most dynamic, expansive, and heavily trafficked marketplace. Whether dealing in goods, data, or ideas, an online presence is a necessity for almost everyone. However, like all other property, domain names can be stolen. This can damage the owner significantly, and a legal remedy for such a theft is required in order for the owner to be made whole again. But the availability of legal remedies is much less expansive than the

This site uses cookies. By continuing to browse this website, you are agreeing to our use of cookies.   ✕

› Privacy Preferences          I Agree

support in the form of the Computer Fraud and Abuse Act's civil cause of action option, as well as amending the Lanham Act in order to protect trademarked domain names. While the current slate of remedies may be insufficient in some cases, there is reason to believe the legal field is moving towards recognizing the value of domain names and offering up more ways to recover a stolen domain name.

## 1. **Common Law Conversion**

The most workable common law remedy to recover a stolen domain name would seem to be a conversion tort claim. "The tort of conversion is generally defined as the unauthorized and wrongful exercise of dominion over the personal property of another. Its basic elements are (1) a plaintiff's ownership or right to possession of personal property; (2) a defendant's disposition of that property in a manner that is inconsistent with and exclusive of the plaintiff's property rights; and (3) resulting damages."[1] "Personal property" in conversion cases has historically meant physical, tangible, property (chattels). However, the "merger doctrine," accepted in all jurisdictions, expanded conversion to include intangible items that were merged with physical property (usually papers).[2] This includes stocks, master recordings, etc.[3] The Restatement of Torts 2d suggests a test for conversion of intangible property: "(1) Where there is conversion of a document in which intangible rights are merged, the damages include the value of such rights. (2) One who effectively prevents the exercise of intangible rights of the kind customarily merged in a document is subject

This site uses cookies. By continuing to browse this website, you are agreeing to our use of cookies.

When it comes to domain names, there is no majority or minority rule, most likely due to the novelty of the legal question. However, California and New York, two of the technology industry's biggest hubs, have both allowed conversion claims for domain name theft.[5] In the seminal case on point, the Ninth Circuit applying California law rejected the tangible and merger doctrine requirements of the restatement and held that domain names constituted personal property susceptible to conversion.[6] In *Kramer v. Cohen* the Ninth Circuit citing the lower state court determined that domain names met all the criteria for property rights: (1) a well-defined interest, (2) capable of exclusive possession or control, and (3) legitimately claimed to be exclusive.[7] The court wrote:

In short, California does not follow the Restatement's strict requirement that some document must actually represent the owner's intangible property right. On the contrary, courts routinely apply the tort to intangibles without inquiring whether they are merged in a document and, while it's often possible to dream up some document the intangible is connected to in some fashion, it's seldom one that represents the owner's property interest. To the extent *Olschewski* endorses the strict merger rule, it is against the weight of authority. That rule cannot be squared with a jurisprudence that recognizes conversion of music recordings, radio shows, customer lists, regulatory filings, confidential information and even domain names.

Were it necessary to settle the issue once and for all

This site uses cookies. By continuing to browse this website, you are agreeing to our use of cookies.    ✕

›

The Ninth Circuit has repeatedly held similarly,[9] as have California courts.[10] Even a District Court in Texas, applying California law, allowed a stolen domain name claim to be brought as a conversion claim.[11]

But not every state recognizes domain names as convertible property. For example, the court in the Texas case just mentioned noted that if it were to apply Texas law, the claimant could not be able to claim conversion.[12] Pennsylvania has denied conversion claims for recovering stolen domain names in the past. In *Farmology.com v. Perot Systems*, the Eastern District of Pennsylvania held that under Pennsylvania law, domain names did not constitute personal property able to be converted.[13] In Virginia, the Eastern District Court denied conversion of a domain name under the merger doctrine.[14] Interestingly though, the Virginia ED Court in another opinion alluded to the fact that the Virginia Supreme Court would consider domain names as convertible personal property.[15]

However individual states define convertible personal property, and whether or not domain names fit into that definition, the national movement appears to be towards allowing stolen domain names to be litigated as conversion claims. The Seventh Circuit, D.C. Circuit, and Ninth Circuit have all recognized conversion for intangible personal property,[16] and California and New York[17] have extended that to domain names specifically.[18] As technology advances, so too will the law, and any legal doctrine designed to protect the personal property interests of individuals will have to

This site uses cookies. By continuing to browse this website, you are agreeing to our use of cookies.  ✕

›

of a paper document rather than an electronic one. Torching a company's file room would then be conversion while hacking into its mainframe and deleting its data would not."**[19]**

### 1. **ACPA**

The Anti-cybersquatting Consumer Protection Act protects domain names that feature trademarks. It is an amendment to the Lanham Act and imposes civil liability on one who "has a bad faith intention to profit" from a mark owned by another, and "registers, traffics in, or uses a domain name that … is identical or confusingly similar (in the case of a distinctive mark)" or "is identical or confusingly similar to or dilutive … (in the case of a famous mark)."**[20]** The elements that must be proven to find a violation are: (1) a defendant uses a designation; (2) in interstate commerce; (3) in connection with goods and services; (4) which designation is likely to cause confusion, mistake or deception as to origin, sponsorship, or approval of defendant's goods or services; and (5) plaintiff has been or is likely to be damaged by these acts.**[21]** Upon a finding of "bad faith" adoption of a domain name, the owner of the name may recover actual damages or elect statutory damages that could run as high as $100,000 per domain name affected. **[22]** The Act *only* protects domain names that feature trademarks and are involved in interstate commerce. **[23]**

In *American Online v. LCGM*, the Eastern District of Virginia found that LCGM had violated the Act by sending emails to AOL members with the name

This site uses cookies. By continuing to browse this website, you are agreeing to our use of cookies. ✕

›

the unauthorized sending of bulk emails had been held to be in violation of the Act in the past.**[26]** While the Act provides a significant amount of protection, most domain names do not contain trademarks and thus do not fall under the Act.

- **CFAA**

The Computer Fraud and Abuse Act criminalizes certain unauthorized cyber conduct.**[27]** It also provides for a civil cause of action for certain violations of the act, including actual damages above $5,000.**[28]** The Act requires that the alleged violator was unauthorized to access the computer in question. In cases to recover stolen domain names, the absence of authorization should be easy to prove, therefore if the claimant can show he suffered damages over $5,000, he can bring a claim under the Act. Please see attached legal summary for a more in-depth look at the CFAA.

**[1]** 40 A.L.R.6th 295 (Originally published in 2008).

**[2]** *Id.*

**[3]** *Id.*

**[4]** Restatement Second, Torts § 242.

**[5]** 40 A.L.R.6th 295.

**[6]** *See* Kremen v. Cohen, 337 F.3d 1024 (9th Cir. 2003).

**[7]** *Id.*

This site uses cookies. By continuing to browse this website, you are agreeing to our use of cookies. ✕

›

names are subject to conversion under California law, notwithstanding the common law tort law distinction between tangible and intangible property for conversion claims).

[10] *See e.g.*, Express Media Group, LLC v. Express Corp., 2007 WL 1394163 (N.D. Cal. 2007) (holding that a purchaser of a domain name from an unknown third party which had wrongfully taken the domain name from its owner could be sued for conversion and ordered to return the domain name to its rightful owner).

[11] *See* Emke v. Compana, L.L.C., 2007 WL 2781661 (N.D. Tex. 2007) (holding that whether a claim was stated for conversion of a domain name depended on which state's law would be applied; Texas law would preclude the claim whereas California law would allow it—California law was eventually applied and the conversion claims was allowed).

[12] *Id.*

[13] *See* Famology.com Inc. v. Perot Systems Corp., 158 F. Supp. 2d 589 (E.D. Pa. 2001).

[14] *See* RitLabs, S.R.L. v. RitLabs, Inc., No. 1:12-CV-215 AJT/IDD, 2012 WL 3263893, at *8 (E.D. Va. Aug. 9, 2012).

[15] E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., No. 3:09CV58, 2011 WL 4625760, at *5 (E.D. Va. Oct. 3, 2011) ("The Restatement and its reporter acknowledged the evolving nature of conversion law in 1965 when the Restatement was first published. Even

This site uses cookies. By continuing to browse this website, you are agreeing to our use of cookies.    ✕

›

Circuit have recognized actions for conversion of intangible property, and this Court concludes that, if confronted with the issue, the Supreme Court of Virginia also would permit a conversion action for converted intangible property of the sort here at issue: confidential business information about the manufacturing process and about a company's business plans.).

**[16]** *Id.*

**[17]** *See* Shmueli v. Corcoran Group, 9 Misc. 3d 589, 802 N.Y.S.2d 871 (Sup 2005).

**[18]** 40 A.L.R.6th 295.

**[19]** *See* Kremen v. Cohen, 337 F.3d 1024 (9th Cir. 2003).

**[20]** 15 U.S.C. § 1125(d)(1)(A)(i) and (ii).

**[21]** *See* First Keystone Federal Savings Bank v. First Keystone Mortgage, Inc. 923 F.Supp. 693, 707 (E.D.Pa.1996).

**[22]** 15 U.S.C.A. § 1117(d).

**[23]** 15 U.S.C. 1125(a)(1)

**[24]** *See* Am. Online, Inc. v. LCGM, Inc., 46 F. Supp. 2d 444, 449 (E.D. Va. 1998).

**[25]** *Id.*

**[26]** *Id.* (The unauthorized sending of bulk e-mails has been held to constitute a violation of this section of the Lanham Act, America Online, Inc. v. IMS, et al., Civil

This site uses cookies. By continuing to browse this website, you are agreeing to our use of cookies.    ✕

›

injunction where plaintiff was likely to prevail on the
merits under the Lanham Act)).

**[27]** *See* 18 U.S.C. § 1030.

**[28]** *Id.* at § 1030(g).

# Put Revision Legal on your side

### LET'S DISCUSS YOUR CASE



**R E V I S I O N / L E G A L**

**SERVICES**

Litigation

Trademark

Copyright

Patent

Internet

Corporate

**INTERNET LAW**

Data Breach

E-commerce

Domain Disputes

**CONNECT WITH US**

Blog

Podcast

**SOCIAL**

 



This site uses cookies. By continuing to browse this website, you are agreeing to our use of cookies.

›

Breach

Defamation

## CALL US: 855-473-8474

**TRAVERSE CITY, MICHIGAN OFFICE** - 444 Cass Street Ste D - Traverse City, MI 49684 - phone 231.714.0100 - fax 231-714-0200 - map

**PORTAGE, MICHIGAN OFFICE** - 8051 Moorsbridge Road - Portage, MI 49024 - phone 269.281.3908 - fax 269.235.9900 - map

©2023 Revision Legal. All Rights Reserved.

Terms & Conditions | Privacy Policy

This site uses cookies. By continuing to browse this website, you are agreeing to our use of cookies.    ✕

›

Captured at: 2023/07/21 11:21 AM   URL: https://mughallawfirm.com/domain-name-hijacking-and-domain-theft/



Home ▾   Immigration ▾   Civil Law ▾   Contracts ▾   Business Law ▾   Articles   Contact Us

## Domain Name Hijacking and Domain Theft



**July 14, 2020**

## Did you know you can easily be targeted for domain name theft?

Have you been victim to domain theft and don't know to get your domain back? Have you paid to buy a domain and don't have access to it because someone domain name hijacked it? Have your previous domains been hijacked as well and you don't know what to do? This is called the common law tort of conversion or fraudulent conversion, which exposes you to liability for damages in a civil lawsuit. This applies when someone intentionally interferes with personal property belonging to another person. If you have been victim to domain theft, this article will clarify what you can do and what precautions to take moving forward.

## What now?

First and foremost, it is crucial to identify who has taken over your domain. If you purchased your domains you are the sole owner of it. Domains are much like property ownership, once you pay for it, it is yours; therefore, if someone attempts to hijack your domain account it is considered illegal and unauthorized. Identifying and locating the individual who has hijacked your domain name and attempted domain theft, is significant because filing a complaint against the known individual is the next step; this would be to submit an abuse report to the company the domain names were bought from. There might be a possibility the company can help get your domain names back but most companies are not liable for any domain theft, but there's no harm in reporting the abuse anyways. Finally, lawyer up. It is vital to gain the help of an attorney because domain theft charges are punishable as a misdemeanor by up to one year in county jail and $5,000 in fines. When charged as a felony, the individual guilty can be punished with 3 years in state prison and $10,000 in fines. Many individuals committing the crime do not know the seriousness of domain theft and the consequences they can face in the future.

## Precautions

One important precaution to take when purchasing a domain is to enable/purchase Domain Theft Protection. This helps ensure that the domain name(s) you have bought remain safe from illegal domain name transfers. After an individual gains control of someone's domain name wrongfully, they can make unauthorized changes and transfer the domain illegally to someone else. Illegal transfers are commonly made after one commits domain theft and transfers are mainly their intentions. When purchasing domain names, research should be done to investigate whether the company who is selling the domain name is trustworthy and protected. Your domain name will most likely be protected if the company itself is trustworthy and reliable. Taking these precautions can prevent this type of theft from occurring.

If your last resort is to lawyer up, we handle civil cases as such and can help you get your domain name(s) back! To read more on Fraudulent conversion laws you can click on the link posted below:

https://law.lis.virginia.gov/vacode/title18.2/chapter5/section18.2-115/

Fraudulent Online Identity Act



**CONTACT US NOW!**

**Your Name (required)**

**Your Email (required)**

**Subject**

**Your Message**

Send

**RATING**

**MUGHAL LAW FIRM**

**4.7 ★★★★★** 77

reviews

Tammy Tang
★★★★★ 3 weeks ago
I don't often give reviews, so recommending someone says a lot in itself. I can not say enough wonderful things about … More

RL
★★★★★
2 months ago
Mughal Law Firm provided good service in helping my spouse's immigration. They provided on-time



You can also refer to our website regarding civil fraud cases

Posted in Civil, MainTagged civil, conversion, domain, domain name, fraudulent, hijack, misdemeanor, property, punishable, theft, transfer, unauthorized

Alex Sebby
★★★★★
3 months ago

Had a one hour consultation with Attorney Mughal to look over a business contract. Very pleased with his attention to detail ... More

View Reviews Write Review

**Mughal Law Firm**

6214 Old Franconia Rd Suite B, Alexandria, VA 22310

Also serving Arlington VA

**Opening hours**
Mon – Fri 9AM – 5PM
Sat – Sun CLOSED

**Contact:**

New Clients: (703) 596-8329
Existing Clients: (703) 672-2166
Fax: 703-672-2166

E-mail
info@mughalawfirm.com

**Resources**

Business Lawyer Alexandria VA
Civil Litigation Lawyer Alexandria VA
Eviction Lawyer Alexandria VA
Partnership Agreement Lawyer Alexandria VA
Incorporation Lawyer Alexandria VA
Immigration Lawyer Alexandria VA
Civil Suit Lawyer Alexandria VA
Business litigation lawyer Alexandria VA
Contracts Lawyer Alexandria VA
Corporation Lawyer Alexandria VA
Deportation Lawyer Alexandria VA
citizenship lawyer Alexandria VA

© COPYRIGHT 2023 MUGHAL LAW FIRM PLLC · ATTORNEY AT LAW · ALEXANDRIA, VA.
SEO FOR ATTORNEYS POWERED BY MATADOR SOLUTIONS · SITEMAP



866-728-2197     CONTACT AN ATTORNEY

  

# I WANT MY DOMAIN NAME BACK! RECOVERING FROM DOMAIN NAME THEFT.

Traverselegal - December 18, 2013 - [Cybersquatting Law](#)

**Share This:**





**Stolen domain names** and domain theft are all too common. Sometimes, the person who seals a domain name has access to the registrants account with the register. A former employee, partner, SEO company or website developer is often the person 'stealing' your domain name. Now that they control the registrants account, they essentially control the domain name.

What our cybersquatting law attorneys typically see is a falling out between parties. Once a dispute arises, the person who controls the domain names starts using that as leverage for some other purpose. Domain name theft can take a variety of different forms. But the end result is the same. *Your website is held hostage by someone who does not own the trade mark or the domain name itself.*

## STOLEN DOMAIN NAME: WHAT TO DO NEXT

There are a variety of different techniques our domain name attorneys use in order to get a domain name returned. The domain

name theft needs to be dealt with quickly and directly. If you have trademark rights in the words which comprise the domain



## GET IN TOUCH

We're here to field your questions and concerns. If you are a company able to pay a reasonable legal fee each month, please [contact us today.](#)

First Name*

Last Name*

Company Name

Company N/A

Email Address*

Phone Number*

**Please Select a Category of Law**

☐ Intellectual Property

☐ Metaverse

☐ Business Law

☐ Blockchain

☐ NFT

Privacy - Terms



866-728-2197    CONTACT AN ATTORNEY      

various options for securing your domain name before launching the first strike.

## KEY QUESTIONS YOUR DOMAIN NAME ATTORNEY SHOULD ASK

1. Who stole your domain name?
2. Who has trademark rights in your domain name?
3. How is your domain name being used by the person who took your domain name?
4. What is the thief asking in return for your domain name?
5. How much money do you have in your legal budget to spend on getting you domain name back?

The answers to these questions are important ones for your attorney to ask, and for you as the client to be ready to answer. The devil is always in the details when it comes to domain hijacking, domain theft and cybersquatting. A good lawyer knows what questions to ask and how to work within client budgets to obtain results.

Contact one of our domain name lawyers for more information.

## DOMAIN NAME HIJACKING RESOURCES

Cybersquatting domain names – Different types of cybersquatting and how to handle each kind of infringement.

Cybersquatting law: What you need to know. Domain name theft is real. A web developer, web host, employee, partner, IT professional or third party who gains access to your domain registrant account can transfer your valuable domain name away from your control or shut down your website. Domain theft is real and it happens every day. ind out from a domain protection lawyer how to protect yourself.

Stolen Domain Name & Domain Theft? Cybersquatting issues Stolen domain names can occur in many different ways. A hacker or ex-employee can steal your domain right out from under you. If your website is driving your business, you may be out of business if you don't get your domain name back.

### Sidebar form

- [ ] Artificial Intelligence
- [ ] Employment Law
- [ ] Copyright
- [ ] Trademark
- [ ] Internet Law
- [ ] Real Estate
- [ ] Personal Injury
- [ ] Corporate and Securities
- [ ] Other

**If you decide to retain us, are your willing to pay a reasonable legal fee?**

- [ ] Yes
- [ ] No

Tell us about your matter, your goals and budget.

REQUEST CONSULTATION

# CATEGORIES

Cybersquatting Law

Brand Protection

Cybersquatting Basics

Cybersquatting Lawsuits & Cases



866-728-2197        CONTACT AN ATTORNEY

UDRP




**OFFICE LOCATION**

Our leading internet law firm has lawyers and law offices in the following locations. Our internet attorneys handle matters and litigation cases throughout the United States on a pro hac vice basis, for clients like you from around the world. Speak with an internet lawyer from our law firm today for more information.

**Austin, Texas Office**
600 Congress Ave, 14th Floor
Austin TX 78701
(866) 728-2197

**Detroit, Michigan Office**
1001 Woodward Ave, Suite 500
Detroit MI 48226
(866) 728-2197

**Los Angeles, California Office**
301 E. Colorado Blvd,
Pasadena,
CA 91101
(866) 728-2197

**Traverse City, Michigan Office**
810 Cottageview Drive,
G20,
Traverse City, MI 49684
(866) 728-2197

**NOTABLE COMPLEX LITIGATION CASES HANDLED BY OUR LAWYERS:**

Trademark Infringement, Milwaukee, Wisconsin
Cybersquatting Law, Trademark Law and Dilution Detroit, Michigan
Internet Defamation & Online Libel Indianapolis, IndianaBoard Meeting (Hartford, Connecticut)



866-728-2197          CONTACT AN ATTORNEY            

7/21/23, 2:48 PM Domain Theft Internet Law Cases | Ecommerce Law Firm Klemchuk PLLC | Protecting your valuable Intellectual property Law #358

Case 2:22-cv-04453-AB-MAR Document 53-4 Filed 07/21/23 Page 18 of 30 Page ID #:358

# As part of our Internet Law & eCommerce practice, we provide *domain theft* recovery services.

Domain theft or domain hijacking, is the practice of changing a domain name's registration without the permission of domain owner. Our Internet attorneys provide guidance to domain owners on best practices to avoid domain theft and other Internet related crimes.

## Domain Theft Methods

Domain thieves can execute domain hijacking in a number of ways. Victims of domain theft assume hijacking is accomplished through nefarious methods, such as viruses, etc.  However, domain hijackers typically acquire personal information about the domain owner to persuade the registrar to transfer the domain to another registrar. Often, an

Case 2:22-cv-04453-ABT-MAR Document 53-4 Filed 07/21/23 Page 19 of 30 Page ID #:359

employee is responsible in some manner for the theft. Another method is through Domain registrar employees who accept payment in exchange for fraudulently changing records.

# Reasons for Domain Theft and Hijacking

Domain hijackers may hijack domains for a number of reasons, for example:

- As a means to collect third-party personal information (phishing, keylogging)
- To generate advertising revenue from parked domains
- To profit by selling the domain to a third-party or back to the original registrant at an inflated price

There are no specific international or federal laws that explicitly criminalize domain theft. Therefore, recovering hijacked domains can often be difficult and time-consuming. The problem is often exacerbated if the thief transfers the domain to a foreign, out-of-country registrar. In these cases, the original domain owner may not be able to recover the domain at all.

# Domain Disputes and Domain Name Litigation

We provide advice precautions to avoid theft of domains. We can also assist in the pursuit of domain retrieval or legal recourse, in the unfortunate event of domain hijacking.

Read more about our litigation services at our intellectual property litigation overview page and our business litigation overview page, including Domain Name Litigation, Online Impersonation and Username Squatting, and Fraud Litigation.

# Additional Insights Regarding Domain Name Theft

7/21/23, 3:08 PM                         Domain Theft: Internet Domain Theft Protections — Protecting your Valuable Intellectual Property Law Firm

Case 2:22-cv-04453-AB-MAR   Document 53-4   Filed 07/11/23   Page 20 of 30   Page ID #:360

For more information on domain name theft and stopping domain name hijacking, see our Legal Insights and Industry Solutions pages.



# Internet Law & eCommerce Services

- Internet Business & E-Commerce

- Domain Name Acquisition

- DMCA Compliance

- Online Privacy

- Social Media Law

- Privacy Policies

- Terms of Use Agreements

- E-Commerce Agreements

- Online Sweepstakes & Games

- Domain Theft

7/21/23, 9:04 PM    Domain Theft and Internet Document 53-4 | Klemchuk, a Technology and Intellectual Property Law Firm    Filed 07/21/23    Page 21 of 30    PageID #:361

Case 2:22-cv-04453-AB-MAR    Document 53-4    Filed 07/21/23    Page 21 of 30    Page ID #:361

- Website Agreements
- Impersonation & Username Squatting

# Our Legal Services

- Intellectual Property Litigation
- Business Litigation
- Corporate & Commercial
- Patents
- Trademarks
- Technology & Data
- Software & Copyrights
- Anti-Counterfeiting & Enforcement
- Internet & E-Commerce
- International Business

# Our Industry Solutions

- Airlines
- Automotive
- Blockchain Technology
- Consumer Products
- Cosmetics
- Cryptocurrency
- Cybersecurity
- Digital Arts
- Digital Marketing
- Ecommerce
- Energy
- Fashion

- Luxury Brands

- Health Technology

- Professional Services

- Real Estate Developers

- Restaurants

- Retail

- Software

- Sporting Goods

- Technology

- Telecommunications



# Domain Name Theft

Captured at: 2023/07/21 11:16 AM    URL: https://kr.law/practice-areas/domain-hijacking

PRACTICE AREAS

We're here for all your legal matters, ready to talk?

**SUBMIT YOUR CASE**

## Domain names can be stolen, just like other types of personal property. It pays to have a domain hijacking expert in your corner.

Domain names, once registered, are the private property of the registrant. In other words, domain name registrants are owners of domain name property, and this property can be stolen or misappropriated just like any other type of property.

*We can take rapid legal action to recover your stolen or hijacked domain names.*

Kronenberger Rosenfeld has represented parties in multiple types of domain theft and domain hijacking cases, and we have taken legal action both against domain name thieves and against registrars that were either complicit or negligent. We have also litigated various types of partnership disputes involving domain names.

*Feel free to submit your domain hijacking or misappropriation matter to our firm using our online case submission form or call us at 415-955-1155, ext. 120.*

### REPRESENTATIVE EXPERIENCE

+ Represented online travel agent against a web development company who hijacked the travel agent's domain names and diverted the agent's online revenue. Obtained a six-figure judgment in favor of the client. The firm enforced the judgment by seizing multiple domain names that had been monetized by the web development company through the appointment of a post-judgment receiver.

+ Represented the true owner of a domain name against an anonymous party who hacked into our client's domain registry account and stole a valuable domain name. Our firm prevailed on our claim for conversion of the domain name and obtained a court order requiring the registrar to transfer the domain name back to our client. The court's decision reinforced the jurisprudence that domain names constitute property subject to common law conversion.

+ Represented one business partner in a partnership to monetize a premier, million-dollar generic domain name, where one partner, without any legal basis, seized exclusive control of the domain name and its profits.

GET LEGAL HELP NOW

# Need help with a Domain Name Theft or Domain Hijacking?

We welcome you to submit your details using our online case submission form

**SUBMIT YOUR CASE ONLINE**

OR

Give us a call



## KRONENBERGER ROSENFELD

Home

Practice Areas

Attorneys

The Firm

Articles

Contact Us

  

**SAN FRANCISCO OFFICE**
150 Post Street
Suite 520
San Francisco, CA 94108
Phone: 415-955-1155
Fax: 415-955-1158
Email: info@kr.law

**IRVINE OFFICE**
300 Spectrum Center Drive
Suite 400
Irvine, CA 92618
Phone: 949-374-5036
Fax: 949-374-5056

STAY AHEAD OF LEGAL MATTERS. JOIN OUR MAILING LIST

Enter your email address     **SUBMIT**

© Kronenberger Rosenfeld, LLP 2022    Terms of Use | Privacy Policy | Site Credits

  

Case 2:22-cv-04453-AB-MAR    Document 53-4    Filed 07/21/23    Page 25 of 30    Page ID #:365

# Domain Name Theft Attorney

HOME  »  DOMAIN NAME THEFT ATTORNEY

If you have been the victim of domain theft, it's in your best interest to seek legal action from a knowledgeable and skilled domain name theft lawyer as soon as possible. Because this is a complex area of law that could involve multiple countries, it's vital to develop a strategy that can help you regain control and encourage the infringing party to cease their behavior. Here at Greenberg & Lieberman, LLC., we do our utmost to help you with your case without incurring the expenses of domain name recovery proceedings whenever possible.

# Can Someone Steal My Domain Name?

Unfortunately, domain theft and stolen domain names are all too common. Sometimes, the person sealing a domain name has access to the registrant's account with the register. So a partner, former employee, or website developer are too often those 'stealing' your domain name. Because they can control the registrants' accounts, they can easily control the domain name. If a dispute arises, the person controlling the domain names begins using that as leverage for other purposes.

While domain name theft may take various forms, the result is the same. Your website is held hostage by someone who does not have a trademark or domain name. Domain names can too be stolen, just like other types of personal property. At Greenberg & Lieberman, LLC., we have represented parties in countless domain theft cases, as we can take legal action against domain name thieves and complicit or negligent registrars.

Similarly, domain name poaching is also known as cybersquatting, which refers to registering, selling, or using a domain name to profit from the goodwill of someone else's trademark. Simply put, cybersquatting refers to a third-party registering or even buying up domain names using your trademark or the name of your existing business to sell the names back to you for profit.

**Translate »**

7/21/23, 3:56 PM    Domain Name Theft Attorney | Greenberg & Lieberman LLC.

Case 2:22-cv-04453-AB-MAR    Document 53-4    Filed 07/21/23    Page 26 of 30    Page ID #:366

If you believe that someone is cybersquatting on the domain name that matches your name or if the domain directs you to a website offering similar services or products as yours, most likely, the individual is trying to sell it to you for a large amount of money. That is why at Greenberg & Lieberman, LLC., we can assist you with locating the domain name registrant and aggressively resolve the unfair practices. As a victim, you have a domain theft litigation option. Contact us today to recover stolen domain names as soon as possible.

# How Can Your Domain Name Get Stolen

Having your valuable domain name stolen is one of the most devastating things that may happen to you on the internet. Moreover, losing control over your domain name is a frightening thought in the current economy, where all businesses depend greatly on their online presence.

There are various methods of how your domain may get stolen, including:

- You can get hacked: hackers generally steal domain names by getting access to your account or access to the e-mail address that reset password forms on your website send e-mail to. Once hackers have access to your account, they will transfer your domain to another registrar, reaching complete ownership over it.

- Your domain name registrants may be compromised: registrars can get hacked or scammed just as you can so try to pick up an accredited registrar and go over their procedures.

- You might be the victim of a sophisticated DNS attack.

**Translate »**



**The Most Common Types of Cyber Crime**

Number of Americans who fell victim to the following types of internet crime in 2021

Total victim losses from the listed crimes:  💎 **$4.0 billion**

Source: The FBI's Internet Crime Complaint Center



Source: https://www.statista.com/chart/24593/most-common-types-of-cyber-crime/

# Steps to Take When Your Domain Name Gets Stolen

More and more of the dot net, dot com, and dot org-ending titles are stolen, and some domain names are worth hundreds of thousands of dollars. But if you find that your domain name has been stolen, you must act quickly. Otherwise, the longer you hesitate, the more difficult it will be to take legal action and get it back. That said, there are some vital steps you need to take once you notice your domain name has been stolen.

Regardless of what happens, start by alerting your registrar company immediately. Because the registrar is the company you have bought your domain from, you must ensure they take action as soon as possible. Then lawyer up. Such a situation is challenging if you do not

**Translate »**

engage the services of a domain name theft lawyer. At Greenberg & Lieberman, LLC., our domain name attorneys will assist you in evaluating your options and finding the best course of action under the circumstances based on our extensive resources and skills in navigating all domain name disputes.

# Contact Us to Handle Your Domain Theft Litigation

The chances of registrars getting your domain name back are slim to none. It is vital to understand that such companies do not have the legal authority to transfer a name back to you. They can, however, follow various procedures, so we will issue a court order to demand the transfer of your domain name back to you and gather as much proof as possible to prove that the domain is yours.

Let us provide compassionate yet aggressive Internet-based intellectual property legal counsel so that we can advise you on the ideal course of action to protect and defend the intangible assets you have worked so hard to create and develop. We specialize in domain name hijacking, domain escrow services, trademark searches and applications, intellectual property litigations, corporate contracts, loan agreements, and UDPR.

If you feel that your domain name has been stolen or that your intellectual property assets are being threats, do not hesitate to contact us and schedule a free consultation.

**Translate »**



## *Services*

[Advertising Agreement](#)

[Breach of Contract](#)

[Business Dispute](#)

[Business Litigation](#)

[Contract Law](#)

[Copyright](#)

[Domain Escrow](#)

[Domain Name Dispute](#)

[Internet Law & New Media](#)

[Marketing](#)

[Patents](#)

[Technology Agreements Licensing](#)

[Trademark](#)

**Translate »**

## *Latest Posts*

How To Copyright a Logo

*16 Jun at 5:47 am*

How to Protect Intellectual Property

*16 Jun at 5:30 am*

How to File a Patent

*16 Jun at 4:57 am*

---

## *Social Media*

   

**Translate »**