Case No. 2:16-cv-00210-KJD-VCF
UNITED STATES DISTRICT COURT DISTRICT OF NEVADA

# Doe v. Mozer

Decided Jun 24, 2016

Case No. 2:16-cv-00210-KJD-VCF

06-24-2016

JOHN DOE, Plaintiff, v. DEBORAH MOZER, an individual; DOE Individuals II through XI, inclusive; and ROE CORPORATIONS I through X, inclusive, Defendants.

Kent J. Dawson United States District Judge

ORDER

Presently before the Court is Plaintiff's Emergency Motion for Leave to Proceed Under Fictitious Name, Motion to Seal, Redact, or Strike with Leave to Re-File Portions of the Record Using Plaintiff's Fictitious Name, and Motion for Protective Order (#5/7/8). Defendant filed a response in opposition (#11).

## I. Procedural History

Plaintiff filed the present complaint in the Eight Judicial District Court of Nevada under the pseudonym, John Doe. Nevada does not have a rule prohibiting Plaintiff from proceeding anonymously, so Plaintiff did not include a motion to proceed under fictitious name with the original complaint.[1] Defendant removed the case to this Court using Plaintiff's true name, and Plaintiff promptly filed the instant motion. Plaintiff now asks the Court to grant leave to re-file under a fictitious name and seal, redact, or strike certain portions of the record. *2

[1] Nevada does have a fictitious name statute. However, the statute does not encompass parties to litigation. See Nev. Rev. Stat. § 602. --------

## II. Legal Standard

The public has a common law right to access judicial proceedings, including the names of all parties. Does I Thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1067 (9th Cir. 2000); Fed. R. Civ. P. 10(a). However, the Court may allow parties to proceed under pseudonyms in "unusual" cases to protect the party from harassment, injury, ridicule, or personal embarrassment. Advanced Textile Corp., 214 F.3d at 1067-1068. To proceed under a pseudonym, the party's need for anonymity must outweigh prejudice to the opposing party as well as the public's interest in knowing the party's identity. Id. at 1067. Advanced Textile Corp offers three situations in which a fictitious name is appropriate: (1) when identification of the party creates a risk of retaliatory physical or mental harm; (2) when a pseudonym is necessary to preserve privacy in a highly sensitive matter; and (3) when a party may, in the course of litigation, be compelled to admit intent to engage in illegal activity. Id. at 1068.

## III. Analysis

Plaintiff alleges he is at risk for retaliatory mental harm and that his sexual health and STD status is private and sensitive enough to proceed anonymously. The Court agrees that Plaintiff's sexual health and details of his transmission of a sexually transmitted disease is a highly sensitive matter. See, e.g. Fed. R. Civ. P. 5.2 (detailing privacy protection for sensitive information including, among others, social security numbers and dates of birth).

Conversely, allowing Plaintiff to proceed anonymously creates very little prejudice to Defendant. The Defendant knows the true identity of the Plaintiff, as shown by Defendant's subsequent filings using Plaintiff's name, and a pseudonym will not affect Defendant's procedural or discovery efforts. Additionally, prejudice against the public's interest in knowing the party's true name is insignificant. Party anonymity does not obstruct the public's view of the issues or the Court's performance in resolving them. See Id. (citing Doe v. Stegall, 653 F.2d 180, 185 (5th Cir. 1981)). Although the public will not know Plaintiff's true identity, it will be privy to the facts and legal conclusions made by the Court. *3

The Court recognizes Plaintiff voluntarily initiated this proceeding and submitted to public transparency. However, Plaintiff has taken the appropriate action to request leave to proceed anonymously at both the state and federal level. Therefore, given the low level of prejudice to Defendant and to the public, the Court finds Plaintiff's privacy interest is sufficient to proceed under a fictitious name.

## IV. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Proceed Under Fictitious Name, Motion to Seal, Redact, or Strike with Leave to Re-File Portions of the Record Using Plaintiff's Fictitious Name, and Motion For Protective Order (#5/7/8) is **GRANTED**;

**IT IS FURTHER ORDERED** that the Clerk of Court seal documents 1, 4, 11, 17, 26, and 27;

**IT IS FURTHER ORDERED** that Defendant amend the aforementioned documents to redact Plaintiff's true name or employ the appropriate pseudonym and re-file those documents **within 14 days** of entry of this order. DATED this 24th day of June 2014.



Kent J. Dawson

United States District Judge

casetext