Brett Lewis, Esq. (*pro hac vice*)
*Brett@iLawco.com*
Michael Cilento, Esq. (*pro hac vice*)
*Michael@iLawco.com*
**LEWIS & LIN, LLC**
77 Sands Street, 6th Floor
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326

Ji-In Lee Houck (SBN 280088)
*jiin@houckfirm.com*
**THE HOUCK FIRM**
16501 Ventura Blvd, Suite 400-199
Encino, CA 91436
Tel: (888) 446-8257

*Attorneys for VPN.COM LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

VPN.COM LLC,
*Plaintiff,*

vs.

GEORGE DIKIAN et al.

*Defendants.*

Case No: 2:22-cv-04453-AB-MAR

**RESPONSE IN OPPOSITION TO DEFENDANT DIKIAN'S MOTION TO PROCEED UNDER PSEUDONYM**

**RESPONSE IN OPPOSITION TO DEFENDANT DIKIAN'S MOTION TO PROCEED USING A PSEUDONYM**
1

## Table of Contents

I. INTRODUCTION .......... 4

II. LIMITED RELEVANT BACKGROUND .......... 5

III. ARGUMENT .......... 6

A. Legal standard .......... 6

B. Defendant fails to establish reasonable fear of severe or targeted harm .......... 7

C. Protecting reputation is not a sufficient basis .......... 10

D. VPN will suffer prejudice if relief is granted .......... 13

E. Public interest heavily favors denying Motion .......... 14

IV. CONCLUSION .......... 15

**RESPONSE IN OPPOSITION TO DEFENDANT DIKIAN'S MOTION TO PROCEED USING A PSEUDONYM**

2

# Table of Authorities

## Cases

*4 Exotic Dancers v. Spearmint Rhino*,
No. CV 08–4038 ABC, 2009 WL 250054 (C.D.Cal. Jan. 29, 2009) .......... 12, 13

*Alexander v. Falk*,
2017 WL 3749573 (D. Nev. Aug. 30, 2017) .................................................... 12

*Doe v. Bergstrom*,
315 Fed. Appx. 656 (9th Cir. 2009) ...................................................................11

*Doe v. Kamehameha Schools*,
596 F.3d 1036 (9th Cir. 2010) ....................................................................... 6, 7, 14

*Doe v. U.S. Healthworks Inc.*,
No. CV1505689SJOAFMX, 2016 WL 11745513 (C.D. Cal. Feb. 4, 2016) .....11

*Doe v. United States*,
2022 WL 18277267 (C.D.Cal. Nov. 4, 2022) ............................................ 7, 8, 10

*Does I thru XXIII v. Advanced Textile Corp*.,
214 F.3d 1058 (9th Cir. 2000) ............................................................................ passim

*S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*,
599 F.2d 707 (5th Cir. 1979) ............................................................................ 12, 14

## I. INTRODUCTION

Plaintiff VPN.COM LLC ("VPN"), through undersigned counsel, hereby submits this Response in Opposition to Defendant George Dikian's Motion to proceed in the litigation under the "pseudonym" "George Dikian" (the "Motion"). Despite this Court giving Defendant Dikian a chance to further present arguments not made in the previously-denied ex-parte application, the Motion must now be denied for the same reason: Defendant Dikian still does not come close to demonstrating entitlement to the extraordinary relief of proceeding in this case pseudonymously.

The piece-meal analysis contained in Defendant's Motion wrongfully attempts to place the burden on *Plaintiff* to prove why it is necessary to unmask Defendant, when it is *Defendant's* burden to prove why it is necessary for Defendant to be masked at all. As the caselaw makes clear, "fictitious names run afoul of the public's common law right of access to judicial proceedings," and here, Defendant has provided no "… special circumstances [that] justify secrecy." *See Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000).

Defendant's preference to keep his real identity hidden from the public is simply that, a preference. Defendant presents no actual need to remain private

and fails to establish any threatened harm or retaliation if his identity is disclosed. Defendant's general and conclusory allegations that his property will be subject to harm is insufficient to meet the heavy burden actually required to deviate from the axiomatic requirement that parties to litigation proceed under their real names.

Furthermore, Defendant conflates hiding his real identity with his "interest" in maintaining his reputation. Defendant's "well-built and maintained" reputation is not tied to his real identity but to his "George Dikian" alias. In other words, Defendant's reputation, of his alias, has already been called into question in this action; disclosing Defendant's real identity does not diminish the reputation of "George Dikian." If anything, it would help restore the reputation of the alias.

## II. LIMITED RELEVANT BACKGROUND

VPN initiated this action after VPN was unambiguously defrauded in connection with two domain name sale transactions. VPN sued "George Dikian," because that was the identity under which Defendant held himself out to VPN throughout the course of their dealings. After more of VPN's own, early investigation, it was suspected that "George Dikian" may in fact be a fake identity. VPN also discovered an individual that it believed could be the true

identity of "George Dikian," but VPN could not fully confirm this. Only after *several* threats of a motion to compel, and after more evidence came in that pointed to the true identity, did "George Dikian" finally, on May 8, 2023, disclose his true identity to VPN (his true identity or the real party in interest as "RPI"). VPN wishes to amend its Complaint to name Defendant's RPI; Defendant has submitted this Motion to prevent same; and VPN submits this Response in Opposition arguing the Motion should be denied.

## III. ARGUMENT

### A. Legal standard

"The normal presumption in litigation is that parties must use their real names." *Advanced Textile Corp*., 214 F.3d at 1067 (cited by *Doe v. Kamehameha Schools*, 596 F.3d 1036, 1042 (9th Cir. 2010). The use a of a pseudonym is a "deviation from [courts'] normal practice and remains the rare exception rather than the rule." *Doe v. United States*, 2022 WL 18277267 at *1 (C.D.Cal. Nov. 4, 2022). "Generally, the use of a pseudonym is permitted when (1) identification creates the risk of retaliation, (2) anonymity is necessary to preserve privacy…, or (3) the anonymous party is compelled to admit his intention to engage in illegal conduct." *Advanced Textile Corp*., 214 F.3d at 1068. After a party asserts the need to proceed under a pseudonym, the court

must balance the party's need with the following factors: "(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, (3) the anonymous party's vulnerability to such retaliation, (4) the prejudice to the opposing party, and (5) the public interest." *Doe v. United States*, 2022 WL 18277267 at *1.

**B. <u>Defendant fails to establish reasonable fear of severe or targeted harm</u>**

While a party may argue that they face severe harm if identified and therefore need a pseudonym, "fear or severe harm is irrelevant if the [parties] do not *reasonably* fear severe harm*." Kamehameha*, 596 F.3d at 1043 (where the Court denied pseudonyms to minor children based on threats of physical violence, deportation, and imprisonment because a reasonable person would not believe the threats would be carried out). For that reason, the first two balancing factors – severity of harm and reasonableness of fear – "are intricately related and should be addressed together." *Id.* In *Doe v. United States,* the Court found movant's "general assertions" of retaliation, even in the face of documented previous threats, unconvincing. *Id.* The Court denied the motion to proceed under a pseudonym, finding that under movant's reasoning, "any plaintiff suing the United States would be entitled to proceed under a pseudonym." *Id.*

The same is true here. If Defendant's general and conclusory assertions of fear of domain name hijacking - indeed, Defendant cites to unrelated reports on the general threats of domain name hijacking and one lone tragedy of a domain dealer being threatened at gunpoint - constitute a "sufficient basis to proceed anonymously," then any party with domain name assets would be entitled to proceed under a pseudonym in any related litigation. "Such a significant broadening of the circumstances in which [the Ninth Circuit has] permitted pseudonymity is contrary to [the] long-established policy of upholding the public's common law right of access to judicial proceedings and contrary to [the] requirement that pseudonymity be limited to the unusual case." *Id.* at *2.

Furthermore, Defendant's attempt to show reasonableness of targeted harm through the introduction of two paid-for expert reports is also without merit.[1] First, the Motion improperly argues the merits of the case, repeatedly citing to the expert reports for the proposition that VPN has not come "anywhere near to proving" the fraud claim against Defendant. Motion at 9. But

[1] This is not the proper briefing for the Court to consider expert reports, or their defects. VPN respectfully submits that the expert reports are fundamentally flawed and likely to be excluded on a Daubert motion. It is improper for Defendant to argue for relief based upon the unsubstantiated and untested conclusions of its hired experts.

not only is this irrelevant to the determination on this Motion, but Defendant fails to explain why then Defendant did not move to dismiss the Complaint nor move for summary judgment (which deadline to notice a motion has passed). The reality is that there are multiple pieces of evidence tying Defendant directly to the fraud, and this case will proceed to trial.

In any event, the expert reports cited by Defendant also do not establish that Defendant would suffer targeted harm if his RPI is disclosed. Initially, it should be noted that the expert reports actually contradict each other in a number of ways – *e.g.*, the Rod Rasmussen report finds that a single "unauthorized actor" compromised Defendant's email, *see* Doc. No. 53-7 at 2, while the Mark Seiden report states that a breach of Defendant's email was committed by multiple "unknown malefactors." Doc. No. 53-8 at 2.

But even more problematic of the reports on this Motion is that the reports do not establish any threatened future harm, and they do not even establish previous harm. At best, the reports suggest that Defendant's email account at Yahoo was compromised for a brief period. The reports do not suggest that anything was stolen from Defendant nor that any harm to Defendant occurred, and there are no suggestions that Defendant's domain names were stolen or harmed.

Presumably, Defendant has now placed second factor authentication on his Yahoo email account, which would prevent any *alleged* further intrusions into his email account. Moreover, upon information and belief, Defendant also operates a reseller account of the domain name registrar, TuCows, which gives him ultimate control over his domain names – including placing them on lock to prevent theft. Thus, there is no factual basis to support the assertion that Defendant is under a reasonable fear of his domain names being stolen. There is no evidence that the domain names were breached or stolen in the past and no evidence to suggest they would be in the future.

In sum, the Motion fails to "explain how [defending] the instant suit… under [Defendant's] true name would increase [his] likelihood of suffering." *Doe v. United States, 2022 WL 18277267 at *2.* To be sure, it should be noted that Defendant claims that he was victimized *while using his alias*. Although VPN vigorously disputes this claim, even if it were true, then conducting business under an alias did not prevent Defendant from being the target of crime. Proceeding under his RPI does not then alter this conclusion.

**C. Protecting reputation is not a sufficient basis**

Next, Defendant asserts that anonymity is necessary because his alias "is of great commercial value to RPI." While the Motion cites *Advanced Textile*

*Corp.* to support its assertion that "they do not need to prove that they face a danger of physical injury in order to proceed in their litigation anonymously," Defendant conveniently leaves out the context of the case. 214 F.3d at 1071. The *Advanced Textile Corp.* party seeking anonymity faced not only the threat of economic injury, but also deportation, arrest, and imprisonment. *Id.* Economic harm must be "extraordinary" to merit anonymity. *See id.* at 1070.. Courts have typically not found this type of injury to be particularly severe. *Doe v. U.S. Healthworks Inc.*, No. CV1505689SJOAFMX, 2016 WL 11745513, at *4 (C.D. Cal. Feb. 4, 2016) (citing *Doe v. Bergstrom*, 315 Fed. Appx. 656, 656-57 (9th Cir. 2009) (stating that fear of facing "difficulties finding employment" was insufficient to compel leave to proceed anonymously)); *see also S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979) (holding that fears reduced job prospects and retaliation by current employers together were no greater than the typical threat many named employees face when suing employers). "The consequence of termination and blacklisting,… that the [party] would make less money than they would otherwise… is not sufficiently severe to warrant pseudonymity." *4 Exotic Dancers v. Spearmint Rhino*, No. CV 08–4038 ABC, 2009 WL 250054 (C.D.Cal. Jan. 29, 2009).

Defendant offers no evidence of extraordinary economic injury warranting anonymity. Defendant does not offer any evidence that these allegations are any more severe than the average party involved in litigation often suffers. Defendant is not accused of "salacious allegations," like the parties in *Alexander v. Falk.* 2017 WL 3749573 at *1 (D. Nev. Aug. 30, 2017). In *Alexander,* the plaintiffs sought to proceed under pseudonyms because they were accused of illicit affairs, blackmailing, sexual predator behavior, domestic violence, fraud, and conspiracy. *Id.* The two plaintiffs there suffered the cancellation of scheduled appearances, concerts, and photo shoots. *Id.* Here, Defendant has suffered no such economic injury or reputational damage thus far. In fact, Defendant's contention that revealing RPI's true identity would "destroy all value in the pseudonym" is incompatible with the Defendant's other contention that accusations of fraud would destroy RPI's personal reputation. Dikian, with "over 25 years of fair dealing," is already named as the Defendant in this case, thereby associating the Dikian pseudonym with fraud. Any damage to the pseudonym by this case has been done, and Defendant does not offer any evidence of "extraordinary" economic injury that warrants pseudonymity. Defendant should come into the litigation with his RPI to *restore* the value of his George Dikian alias.

**D. VPN will suffer prejudice if relief is granted**

Prejudice to the nonmovant must be determined at each stage of the proceedings. *Advanced Textile Corp*., 214 F.3d at 1068. The Ninth Circuit has acknowledged that the use of pseudonyms can, *inter alia*, impair a party's ability to build a case. *4 Exotic Dancers*, 2009 WL 250054, at *3 (citing Advanced Textile, 214 F.3d at 1072).

Here, this case is going to trial. Defendant has not moved to dismiss nor for summary judgment. In other words, VPN will need to identify Defendant's RPI to the jury and will need to link Defendant's RPI to the evidence of the case, and the evidence of previous lawsuits against Defendant's RPI. It will be critical that a jury understand Defendant's RPI. In addition to being able to properly litigate the case, VPN needs to name Defendant by his RPI in order to secure a judgment against the real identity of Dikian. "George Dikian" is a fake identity, and securing a judgment against it is of no value. Given Defendant's failure to establish reasonable and targeted harm, VPN also respectfully submits that it need not be severely prejudiced to outweigh any insufficiently-stated need by Defendant to proceed pseudonymously.

**E. Public interest heavily favors denying Motion**

The presumption that parties must use their real names is loosely related to the public's right to open courts and the right of private individuals to confront their accusers. *Kamehameha,* 596 F.3d at 1042 (citing *Advanced Textile Group,* 214 F.3d at 1067 and *S. Methodist,* 599 F.2d at 713). Because Defendant has been unable to establish a need that outweighs the public interest, the Court should find that this factor weighs in favor of unmasking RPI. *See 4 Exotic Dancers,* 2009 WL 250054, at *3 ("Given that Plaintiffs have failed to establish a need to proceed pseudonymously, that presumption cannot be overcome.")

Furthermore, the public simply has a right to know Defendant's true identity. The allegations in the Complaint sound in fraud. Defendant has been using a fake identity, and has multiple, documented victims, in part *because* of the use of the fake identity. The public deserves to know who the actual person is behind this fake identity and behind these frauds. It will also help to prevent Defendant from being able to defraud others in the future and help prevent others from falling victim to scams using the Dikian identity.

To be sure, even under Defendant's version of the case, his defense boils down largely to an argument that he was grossly negligent in allowing his

fictitious identity to be used to scam multiple victims out of hundreds of thousands of dollars– even well after he was allegedly aware that such scams were being perpetrated under his name. Even if that were true, which the evidence seriously belies, the public is entitled to know Dikian's real identity so that others can decide – based on as much transparency as possible – whether and on what terms to transact with "Dikian." The public has a right to know.

## IV. CONCLUSION

Dikian has not met the high burden required to be entitled to the extraordinary relief of proceeding under a pseudonym. Dikian has not provided any nonconclusory or non-general evidence of potential future harm or retaliation – and that ultimately is fatal to the Motion, as severity of the potential threatened harm to the movant is one of the most important factors in determining whether to allow a litigant to proceed anonymously. *Kamehameha Sch. Bernice Pauahi Bishop Est.*, 596 F.3d at1043. Here, there is nothing to suggest any threatened harm, let alone severe harm – and certainly no greater harm than *any other litigant* accused of fraud. In fact, as Dikian alleges now, he was targeted while he was using the fake identity "George Dikian," not his real identity; thus, there is no showing of harm to Dikian's RPI if the relief is not granted. Dikian's remaining argument about threat to his reputation is

insufficient and illogical, as the reputation he is claiming is in the "George Dikian" alias, not in his RPI.

The Court, respectfully, should deny the Motion.

Dated: July 28, 2023

By: *Michael Cilento*
Michael Cilento (*pro hac vice*)

Brett E. Lewis
Michael D. Cilento
**LEWIS & LIN, LLC**

Ji-In Lee Houck (SBN 280088)
**THE HOUCK FIRM**

*Attorneys for VPN.COM LLC*

**RESPONSE IN OPPOSITION TO DEFENDANT DIKIAN'S MOTION TO PROCEED USING A PSEUDONYM**
16