Michael L. Rodenbaugh (California Bar No. 179059)
Jonathan Frost (California Bar No. 273189)
RODENBAUGH LAW
548 Market Street – Box 55819
San Francisco, California 94104
Phone: (415) 738-8087
Email: mike@rodenbaugh.com

*Attorneys for Defendant
sued as George Dikian*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VPN.COM LLC,<br><br>                              *Plaintiff*,<br><br>        vs.<br><br>GEORGE DIKIAN et al.<br><br>                              *Defendants*. | CASE NO. 2:22-cv-04453-AB-MAR<br><br>**DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO PROCEED UNDER PSEUDONYM** |

Defendant hereby submits this Reply Brief in support of Defendant's Motion to Proceed Under Pseudonym filed July 21, 2023 (Dkt. #53, "Mot."), replying to Plaintiff's Opposition brief filed July 28, 2023 (Dkt. #55, "Opp.").

**<u>Background Facts</u>**

As to the "Background", the Plaintiff implies that it did not know RPI's identity until May 8. (Opp., p.6). However, that is belied by the sworn Declaration of undersigned counsel (Dkt. #53-2, p.5-6), which swears to four prior documents whereby Plaintiff identified RPI by his real identity as early as December 2022. There were several other phone calls where counsel discussed RPI's true name during those six months. It was never hidden from Plaintiff by Defendant, and was specifically identified on several documented occasions. Most

1  importantly, Plaintiff makes no allegation that its discovery or pretrial efforts have

2  been hindered in any manner by Plaintiff suing Defendant's pseudonym, and/or

3  from Defendant publicly proceeding thereunder throughout this litigation to date.

4  **Legal Standard**

5        Plaintiff misstates the "Legal Standard" by cherry-picking quotations from

6  an inapposite case.  (Opp., p.6-7, *citing Doe v. United States*, 2022 WL 18277267

7  at *1 (C.D. Cal. Nov. 4, 2022)).  That case does recognize the general rule set forth

8  by the Ninth Circuit:

> 9   [T]he Ninth Circuit has "permitted parties to proceed anonymously
> when special circumstances justify secrecy." *Does I thru XXIII v.*
> 10   *Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). "In this
> circuit, we allow parties to use pseudonyms in the 'unusual case'
> 11   when nondisclosure of the party's identity 'is necessary ... to protect a
> person from harassment, injury, ridicule or personal embarrassment.'
> 12   " *Id*. (*citing United States v. Doe,* 655 F.2d 920, 922 n.1 (9th Cir.
> 13   1980)).

14  That case involved a Plaintiff seeking anonymity in a lawsuit she filed against the

15  U.S. government, alleging that she feared retaliation by the U.S. government if her

16  name were revealed.  The court had no trouble concluding that she could file some

17  papers under seal if truly necessary, and that her alleged harm was purely

18  speculative.

19        The Ninth Circuit succinctly stated the three elements to be considered by

20  the court on this motion.  The Ninth Circuit allows a party to proceed through

21  litigation under a pseudonym "when the party's need for anonymity outweighs

22  prejudice to the opposing party and the public's interest in knowing the party's

23  identity." *E.g., Does I thru XXIII v. Advanced Textile Corp*., 214 F.3d 1058, 1067-

24  68 (9th Cir. 2000). ("It may never be necessary, however, to disclose the

25  anonymous parties' identities to nonparties to the suit.")

26        In this case, Defendant did not bring this lawsuit and has not brought

27  counterclaims to date.  Plaintiff sued Defendant's pseudonym, and has had no

28  Defendant's Reply Brief in Support of
Motion to Proceed Under Pseudonym
Case No. 2:22-cv-04453-AB-MAR

difficulty discovering and litigating this case to this point, where expert discovery is closed and fact discovery soon will be closed.  Plaintiff makes no allegation whatsoever of any difficulty to date.  So, the parties can and should continue as they have to date, for more than nine months with no harm to Plaintiff at all, protecting Defendant's legitimate and reasonable concerns about public disclosure of his real name.

### Defendant's Fear Is Reasonable, As Supported by Ample Evidence

Defendant has produced ample and undisputed evidence of his reasonable fear that he or his family will be targeted due to the value of his domain name assets, which type of assets are easily and commonly stolen.  Plaintiff has produced no contrary evidence.  Plaintiff argues only that Defendant's fears are unreasonable and general.  But in fact, Plaintiff itself has published an article describing just how common and easy domain theft is, including the precise scenario at play in this case.  (Rodenbaugh Decl., Ex. C).  That fact is not only admitted by Plaintiff, but also is indisputable given the ICANN report from its Security & Stability Advisory Committee, and the claims of myriad U.S. law firms.  (*Id.*, Ex. A, B).  And in fact, Defendant has retained two different, extremely well-qualified experts who each have separately confirmed that Defendant's email account was hacked for the purpose of carrying out the alleged fraud on Plaintiff.  (*Id.*, Ex. E, F).  Moreover, Defendant has sworn as to his reasonable fears that without the Dikian alias, his domain assets will be directly targeted because they are controlled via his true identity at the registrar Tucows.  (Dikian Decl., #7-9).  Plaintiff produced no evidence whatsoever in opposition to this motion, and thus all of the aforesaid evidence is undisputed.

Plaintiff argues that "any party with domain name assets would be entitled to proceed under a pseudonym." (Opp., p.8).  But this argument ignores the aforesaid, specific evidence not only of Defendant's reasonable general fear, but

Defendant's Reply Brief in Support of
Motion to Proceed Under Pseudonym
Case No. 2:22-cv-04453-AB-MAR

3

also of Defendant's reasonable specific fear arising from the fact that his email account has already been hacked by thieves.  It is not at all likely the hackers were looking only to defraud Plaintiff.  It is far more likely they were trying to steal Defendant's domain names, which are publicly registered under the Dikian pseudonym and Yahoo! Mail address.  But they could not do so, because the domain registrar account at Tucows is not associated with Dikian, but with RPI, as it must be.  (Dikian Decl., #7-9).

Thus, the Dikian alias, per uncontroverted evidence, has already provided Defendant with a critical layer of security in this very case.  If the Dikian alias is destroyed and RPI's true identity is revealed, then there is a very strong likelihood that RPI's valuable domain assets will be targeted again, this time with a much stronger chance of success because the security afforded from anonymity will be gone.  It is possible even that violent tactics could be used against Defendant or his family, as in at least one recent case involving a domain worth only $20,000 (Rodenbaugh Decl., Ex. D) – in comparison to Defendant's domain name assets valued in the tens of millions of dollars by Plaintiff's own valuation (Complaint, #24, 39-40).  Not "any party with domain name assets" can claim they have successfully employed an alias for so long, and so effectively, to protect such valuable assets from a common and easy type of theft (as admitted by Plaintiff, testified to by experts, and written about by ICANN and many law firms) -- even in the very case in which that alias is sued.  Those that can prove such facts should be allowed to maintain the anonymity of the alias unless and until a court finds that defendant did anything wrong.

Plaintiff states "there are multiple pieces of evidence tying Defendant directly to the fraud."  (Opp., p.9).  But Plaintiff does not produce any such evidence at all, much less any expert evidence to rebut Defendant's experts. Expert discovery is now closed in this case, and Plaintiff has not produced any

Defendant's Reply Brief in Support of
Motion to Proceed Under Pseudonym
Case No. 2:22-cv-04453-AB-MAR

4

1  expert reports that they commissioned, nor any rebuttal experts to address
2  Defendant's expert reports.  Conclusory statements of counsel are not evidence.
3  Nothing prevented Plaintiff from producing any shred of such evidence if it has it,
4  and yet the only thing that Plaintiff produced in opposition to this motion is
5  conclusory argument of counsel.

6       Plaintiff states that Defendant's expert reports "do not establish any
7  threatened future harm."  (Opp., p.9).  However, Plaintiff admits on its own
8  website that such harm from domain theft is commonplace, and often conducted in
9  the same method as found by Defendant's experts to already have happened in this
10  case – through email compromise.  (Rodenbaugh Decl., Ex. C).  So, Plaintiff
11  essentially has admitted there is a strong likelihood of future harm; there is no need
12  for any other evidence to prove a fact that Plaintiff has admitted.

13       Still, Defendant further provided evidence from ICANN's Security and
14  Stability Advisory Committee and from myriad law firm websites to prove that
15  harm from domain theft is commonplace.  (*Id.*, Ex. A, B).  Defendant also
16  provided two expert reports proving that Defendant's email account was hacked
17  and used to commit the fraud that Plaintiff alleges.  (*Id.*, Ex. E, F).  Defendant
18  further swore to his reasonable belief that such a hack would have resulted in theft
19  of his domain assets, if they had been tied to the Dikian alias.  (Dikian Decl., #7-9).
20  The alias provided an extra layer of security.  If the alias is destroyed, then that
21  security measure will be gone -- certainly increasing the threat of future harm.

22       Plaintiff further argues that economic harm must be "extraordinary" to merit
23  anonymity.  (Opp., p.11).  Again, Plaintiff has admitted in its very own Complaint
24  that Defendant's domain assets – just the 96 names named in the Complaint,
25  among many hundreds of others that Defendant owns (Dikian Decl., #2) – were
26  valued by Plaintiff at some $17 million.  (Complaint, #24, 39-40).  Defendant
27  submits that if a thief were to steal even just those 96 domains, then such harm
28  
Defendant's Reply Brief in Support of
Motion to Proceed Under Pseudonym
Case No. 2:22-cv-04453-AB-MAR

5

1    would be extraordinary by any measure.  If a thief were to steal Defendant's entire

2    portfolio, the damage would be several orders of magnitude greater.  None of the

3    cases cited by Plaintiff involve anywhere near that level of economic harm, nor do

4    they involve assets that are so commonly and easily stolen.

5        **Plaintiff Has Provided No Evidence or Reasonable Theory of Prejudice**

6        Plaintiff says vaguely that:

7            VPN will need to identify Defendant's RPI to the jury and will need
             to link Defendant's RPI to the evidence of the case, and the evidence
8            of previous lawsuits against Defendant's RPI. It will be critical that a
             jury understand Defendant's RPI.
9

10   (Opp., p.13).  However, Plaintiff has produced no evidence which "links

11   Defendant's RPI" to any of the allegations in the Complaint.  Indeed, the entire

12   Complaint frames allegations only against Dikian, not against RPI or any unnamed

13   person alleged to be RPI.

14       Plaintiff has produced evidence of just one previous lawsuit against RPI,

15   from twenty years ago, making no allegation of fraud or of anything else remotely

16   related to this case.  That evidence is very likely to be excluded on that basis, as it

17   has no relevance, is from 20 years ago, and carries strong risk of prejudice.  *See.,*

18   *e.g.,* Fed. Rule Evid. 404(b) ("Evidence of any other crime, wrong, or act is not

19   admissible to prove a person's character in order to show that on a particular

20   occasion the person acted in accordance with the character."); *Chang v. Cnty. of*

21   *Santa Clara*, No. 16-17163, at *3 (9th Cir. Mar. 6, 2018) (unpublished) ("The

22   district court properly determined that the facts underlying the prior lawsuits were

23   not sufficiently similar to the present case and that the lawsuit against Deputy

24   Forest, occurring seven years earlier, was too remote in time."); *Duran v. City of*

25   *Maywood*, 221 F.3d 1127, 1133 (9th Cir. 2000) ("Although we find the similarity

26   between the two shootings troubling, we do not believe that the district court's

27   decision to exclude the evidence amounts to an abuse of discretion.").  Even if the

28   Defendant's Reply Brief in Support of
     Motion to Proceed Under Pseudonym
     Case No. 2:22-cv-04453-AB-MAR

1   Court were inclined to admit evidence of that lawsuit, a simple instruction to the
2   jury could tie that solitary piece of evidence to the Defendant.
3       Plaintiff's only other allegation of harm is in the event a judgment is entered
4   against Defendant, then it would need to be enforceable against RPI.  (Opp., p.13).
5   But Defendant has acknowledged and agreed that any final judgment against
6   Defendant would be entered against RPI, not Dikian.  (Dikian Decl., Dkt. 53-1,
7   #12).  Defendant cites to a case where that was held sufficient to alleviate any such
8   harm to the party in that case.  *Discopolus, LLC v. City of Reno*, No. 3:17-CV-
9   0574-MMD (VPC), at *2 (D. Nev. Nov. 16, 2017) (finding no prejudice where
10  party "agrees to be bound by this court's orders directed to her pseudonym rather
11  than her legal name, to disclose her true name to the court under seal and to
12  opposing parties and counsel") (Rodenbaugh Decl., Ex. I); *see also, e.g., Advanced*
13  *Textile*, 214 F.3d 1058 (resolving appeal involving pseudonymous parties).
14      Plaintiff offers no contrary authority or argument whatsoever to support its
15  unfounded conclusion that it has been or will be prejudiced if Defendant continues
16  in the lawsuit under the pseudonym that Plaintiff dealt with and has sued.
17  Therefore, Plaintiff offers nothing to outweigh the likely harm to Defendant, which
18  Defendant has proved with unrefuted evidence.

19  **Public Interest Would Be Satisfied If a Judgment Is Entered Against RPI**

20      Plaintiff argues that "[t]he public deserves to know who the actual person is
21  behind this fake identity and behind these frauds."  But Plaintiff does not provide
22  any reasonable argument to support that conclusion.  If somehow a final judgment
23  is ordered against Defendant, then his real name will be disclosed in that judgment
24  and the public will know his identity.  Until then, Plaintiff's allegations are not
25  only unsupported, but have been refuted by two experts.  And Plaintiff has offered
26  no expert opinion of its own.  Nor has Plaintiff offered any evidence whatsoever
27  that ties the RPI identity to the alleged fraud by Dikian.  To the extent the "public

28

1  has a right to know" of Dikian's true identity, it will do so if and when Plaintiff
2  proves its case and obtains a final judgment against the RPI.  Until then, there is no
3  need for the public to know anything other than the Dikian alias that Plaintiff dealt
4  with and sued.

5       Defendant cited many cases for that proposition that there is no public
6  interest "naming and shaming" the RPI at this point in the litigation.  (Mot., p.11).
7  Plaintiff made no effort to distinguish any of those authorities, and produced zero
8  contrary authorities.  So, Plaintiff has conceded that there is no public interest in
9  disclosing the true identity behind the Dikian alias, unless and until Plaintiff proves
10  that Dikian and/or RPI did anything wrong.  So as to this element of the Court's
11  analysis, Plaintiff offers nothing.

12  <u>**Conclusion**</u>

13       Defendant has proved reasonable fear of harm which far outweighs the non-
14  existent prejudice to Plaintiff or the public in maintaining the *status quo* for the
15  remainder of this litigation.  Therefore, Defendant should be allowed to continue to
16  proceed under the Dikian pseudonym that Plaintiff sued.

17  RESPECTFULLY SUBMITTED,
18
19  DATED:  AUGUST 4, 2023
                      RODENBAUGH LAW
20
21                        By:  /s/ Mike Rodenbaugh
22                            Mike Rodenbaugh (SBN 179059)
23                           *Attorneys for Defendant*
                         *sued as George Dikian*
24
25
26
27
28  Defendant's Reply Brief in Support of
Motion to Proceed Under Pseudonym
Case No. 2:22-cv-04453-AB-MAR

                       8