Brett Lewis, Esq. (*pro hac vice*)
*Brett@iLawco.com*
Michael D. Cilento, Esq. (*pro hac vice*)
*Michael@iLawco.com*
LEWIS & LIN, LLC
77 Sands Street, 6th Floor
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326

Ji-In Lee Houck (SBN 280088)
*jiin@houckfirm.com*
THE HOUCK FIRM
16501 Ventura Blvd, Suite 400-199
Encino, CA 91436
Tel: (888) 446-8257

*Attorneys for Plaintiff*
VPN.COM LLC

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VPN.COM LLC**, <br><br> Plaintiff; <br><br> v. <br><br> **George Dikian et al.**, <br><br> Defendants. | Case No. 2:22-cv-04453-AB-MAR <br><br> **MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** [Cilento Declaration submitted herewith] <br><br> Motion Date: 10/06/23 10:00 AM |

# TABLE OF CONTENTS

**Table of Authorities** ...................................................................................... 3

**Introduction** ..................................................................................................... 4

**Facts** ................................................................................................................. 4

    A.   Timing of Amendment ............................................................................ 4

    B.   Effects of Amendment ............................................................................ 8

**Legal Standard** ................................................................................................ 9

**Argument** ......................................................................................................... 9

    A.   No Bad Faith or Undue Delay ............................................................. 10

    B.   No Prejudice to Defendant ................................................................... 12

    C.   Amended Complaint is Not Futile ...................................................... 12

**Conclusion** ..................................................................................................... 13

**Certificate of Compliance** ........................................................................... 14

MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

# TABLE OF AUTHORITIES

**Cases**

*Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003) ....... 9

*Forman v. Davis*, 371 U.S. 178 (1962) ........................................................... 9

*Griggs v. Pace American Group, Inc.*, 170 F.3d 877 (9th Cir. 1999) ........... 9

*IV Sols., Inc. v. Empire HealthChoice Assurance, Inc.*, 800 F. App'x 499 (9th Cir. 2020) ................................................................................. 12

*Owens v. Kaiser Found. Health Plan*, Inc., 244 F.3d 708 (9th Cir. 2001) ... 9, 10

*Sorosky v. Burroughs Corp.*, 826 F.2d 794 (9th Cir. 1987) ......................... 10

*Thornton v. McClatchy Newspapers, Inc.*, 261 F.3d 789 (9th Cir. 2001) ... 10

# INTRODUCTION

Plaintiff VPN.Com LLC ("VPN") respectfully submits this motion for leave to file a first amended complaint in this action. The proposed first amended complaint should not be controversial as it does not seek to add any new claims – in fact, it deletes the original complaint's claim for RICO, and leaves only a single claim for fraud, which also appeared in the original complaint. The Court should not deviate from the axiomatic policy of freely granting leave to amend.

# FACTS

### A. Timing of Amendment

VPN filed its Complaint in this action on June 29, 2022, naming George Dikian, Qiang Du, and John Doe as Defendants. (ECF 1). Du was subsequently voluntarily dismissed from this action. (ECF 35). It took George Dikian ("Dikian", "Defendant" or "Eitan Z.") nearly six months to answer the Complaint. (ECF 33). Initially, Dikian's use of pseudonyms, inaccurate addresses, and mailbox services precluded personal service, forcing VPN to file an application for alternative service. (*See* Decl. of Michael D. Cilento, Esq. dated September 6, 2023 ("Cilento Dec.") ¶ 5 citing ECF 17). After the Court granted that Motion and VPN made alternative service, Dikian defaulted. (*Id.* ¶ 6 citing ECF 25). Ultimately, Dikian finally

appeared, the parties stipulated to set aside the default, and Dikian filed an answer on December 9, 2022. (*Id.* ¶¶ 7-9 citing ECF 33).

VPN sued Defendant as "George Dikian," because that was the name VPN believed was the true identity of the individual that orchestrated and committed the fraud. (*Id.* ¶ 10). After more of VPN's own, early investigation, it was suspected that "George Dikian" may in fact be a fake identity. (*Id.* ¶ 11). VPN also discovered an individual that it believed could be the true identity of "George Dikian," but VPN could not fully confirm this. (*Id.* ¶ 12). Defendant Dikian, and his counsel, for their part, refused to confirm, either formally or informally, the true identity of Defendant Dikian for nearly a year after the case commenced. (*Id.* ¶ 13).

Only after several threats of a motion to compel, the first being via letter on February 3, 2023, and after more evidence came in that pointed to the true identity, did "George Dikian" finally on May 8, 2023, disclose his true identity to VPN. (*Id.* ¶ 14). Even before Dikian would confirm his true identity, however, VPN informed Dikian via email on April 26, 2023, that VPN would like to meet and confer regarding a planned motion for leave to file an amended complaint in the action to, inter alia, name the identity that VPN strongly believed was Dikian's true identity, and to add in certain other allegations, including that of a previous victim of Dikian. (*Id.* ¶ 15). In this April 26 meet-and-confer email, VPN sent Dikian a redlined proposed amended complaint that VPN intended to file. (*Id.* ¶ 16). After receiving the

1. proposed amended complaint, Dikian specifically asked VPN through email from counsel to hold off on filing the amended complaint until after the mediation scheduled for June 30, 2023, as it would make the chances of a successful mediation greatly increase. (*Id.* ¶ 17).

VPN agreed to hold off on filing the motion to amend, and the parties submitted a stipulation to extend the amended pleadings case deadline to July 28, 2023, and other certain deadlines were extended, and the Court So Ordered the stipulation on May 3, 2023. (*Id.* ¶ 18 citing ECF 45). Unfortunately, the parties could not settle at the mediation; however, at Dikian's explicit request at the mediation and through an email from counsel for Dikian, the parties scheduled and held follow-up talks to see if a resolution could be possible. (*Id.* ¶ 19 citing ECF 48, Mediation Report (reporting that follow-up talks were being scheduled)). Unfortunately, those talks too were unsuccessful, and did not conclude until the last conversation between the parties via phone on July 14, 2023. (*Id.* ¶ 20).

During the time from the mediation through to the conclusion of the further talks (*i.e.,* from June 30 – July 14), the parties, through counsel, had been negotiating a stipulation to extend case deadlines, including the time to hear a motion to amend pleadings, since VPN had again agreed to hold off on filing the motion to amend until the talks concluded. (*Id.* ¶ 21). On July 10, 2023, counsel had a formal meet and confer call on several issues,

including the need to stipulate to extend certain case deadlines, including the deadline for motions to amend pleadings. (*Id.* ¶ 22).

However, on the night of July 12, 2023, essentially a day before the settlement talks fully broke down on July 14, Dikian's counsel sent an email withdrawing consent to extend the deadline for an amended pleadings hearing date, and informed undersigned counsel that the time to confer on a motion to amend pleadings is "long passed." (*Id.* ¶ 23). Accordingly, VPN's counsel informed Dikian's counsel that contrary to him thinking he could simply induce VPN into delaying the filing of its amended complaint, and then rug pull a stipulation, VPN would be moving by ex-parte application for leave to file an amended complaint within the case deadline date. (*Id.* ¶ 24). In response to VPN informing Dikian that VPN planned to submit such application, Dikian then submitted an application for a TRO and for leave to file a motion for a protective order to proceed anonymously or pseudonymously. (*Id.* ¶ 25).

Thereafter, on July 20, 2023, this Court denied Dikian's TRO, and further ordered that VPN would be permitted to file a motion seeking leave to file an amended complaint within seven (7) days of the Court's Order on Dikian's pseudonym motion. (*Id.* ¶ 26 citing ECF 52 at p. 4). The Court then denied Dikian's pseudonym motion on August 29, 2023. (*Id.* ¶ 27 citing ECF 59). VPN now submits this timely motion for leave to file a first amended complaint. (*Id.* ¶ 28).

### B. Effects of Amendment

The proposed amended complaint has only a few significant changes from the original, as follows:

- Qiang Du is removed from the caption and complaint as a party since VPN previously voluntarily dismissed Du from the action.
- The caption and Complaint are amended to name Dikian's true first name and last initial, Eitan Z., per this Court's August 29, 2023, Order.
- VPN deletes its RICO claim, leaving only one claim for fraud against Dikian.
- VPN adds in allegations learned from discovery, including the reason for the Dikian alias; the information concerning a previous victim of Dikian; and the information relating to forensic data of Dikian's email addresses and accounts as it relates to the alleged fraud.

(*Id.* ¶ 29).

The proposed amended complaint makes other minor changes, including for grammar, syntax, and other minor changes for narrative clarity. (*Id.* ¶ 30). To aid the Court in its review of the amendments, VPN submits a redline of the original complaint with all changes. (*Id.* ¶ 31, **Exhibit A**). VPN also submits a "clean" copy of the proposed first amended complaint. (*Id.* ¶ 32, **Exhibit B**).

# LEGAL STANDARD

Federal Rule of Civil Procedure 15 governs the amendment of pleadings, which provides that a party may amend its pleading with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). The court should freely give leave "when justice so requires." *Id*. This policy is "to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan*, Inc., 244 F.3d 708, 712 (9th Cir. 2001) (citations omitted).

In determining whether to freely grant leave, a court considers the following four factors, with all inferences made in favor of the moving party: (1) undue delay, (2) prejudice to the opposing party, (3) futility, and (4) bad faith. *See Forman v. Davis*, 371 U.S. 178, 182 (1962); *Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). In the Ninth Circuit, prejudice to the opposing party carries the greatest weight in the analysis. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

# ARGUMENT

The Court should not deviate from the extremely liberal policy of freely granting leave when justice so requires. The amendments VPN seeks to make in its proposed first amended complaint should not be controversial: VPN only seeks to state the correct name of Dikian, to delete its claim for RICO, and to add in certain limited allegations learned from discovery that support the proposed amended complaint's single claim for fraud. There was

MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

no bad faith or delay by VPN, there is no prejudice to Defendant, and the single claim for fraud cannot be considered futile.

### A. No Bad Faith or Undue Delay

Bad faith is shown by evidence of improper purpose to amend a complaint, and the ultimate issue is whether the amendment is an attempt to deny the opposing party a fair opportunity to be heard. *Thornton v. McClatchy Newspapers, Inc.*, 261 F.3d 789, 793 (9th Cir. 2001). For example, bad faith can be demonstrated by an attempt to undo jury waiver through an amended complaint (*id.*), asserting an affirmative defense to incur unnecessary expenses (*Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001), or attempting to destroy diversity through amendment. (*Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987)).

Here, there is no bad faith by VPN in seeking to file a first amended complaint. The purposes for the amended complaint are simple: VPN needs to name the correct party, Eitan Z., and VPN wishes to delete its RICO claim and to add support to its fraud claim. Since the fraud claim was already in the original complaint, with the identical core allegations, Dikian will not be denied an opportunity to be heard.

There also was no undue delay by VPN. Since Dikian refused to provide his true identity for nearly a year after the case commenced, VPN could not amend its complaint to name the proper party before such disclosure. *See* Cilento Dec. ¶¶ 10-14. It was only after several threats of a motion to compel,

the first being via letter on February 3, 2023, and after more evidence came in that pointed to the true identity, did "George Dikian" finally on May 8, 2023, disclose his true identity to VPN. (*Id*. ¶ 14).

Moreover, Dikian has been on notice of the proposed amended complaint since April 26 when VPN sent Dikian a proposed amended complaint that contained the significant changes that are also now proposed in the first amended complaint. (*Id*. ¶¶ 15, 16). The parties then stipulated for VPN to hold off on filing the amended complaint, and even extended the amended complaint deadline to reflect that agreement. (*Id*. ¶¶ 17, 18). Before the case deadline expired for amending pleadings, VPN informed Dikian that VPN was going to move for leave to file its proposed amended complaint, to which Dikian filed an ex-parte application to prevent, in order to move the Court for leave to proceed pseudonymously. (*Id*. ¶ 23-25).

Thereafter, on July 20, 2023, this Court denied Dikian's application, and further ordered that VPN would be permitted to file a motion seeking leave to file an amended complaint within seven (7) days of the Court's Order on Dikian's pseudonym motion. (*Id*. ¶ 26 citing ECF 52 at p. 4). The Court then denied Dikian's pseudonym motion on August 29, 2023. (*Id*. ¶ 27 citing ECF 59). Accordingly, given VPN's efforts to date to file its first amended complaint, and given this Court's ruling allowing same, it cannot be seriously argued that there was undue delay on the part of VPN.

**B. No Prejudice to Defendant**

VPN's proposed amendments to the complaint will not cause prejudice to Defendant. The proposed amended complaint does not add any new claims – it actually deletes the second claim in the original complaint for RICO and simply keeps the only other claim from the original complaint, which is for fraud. Defendant has been on notice of the single claim for fraud against him since the original complaint was filed. Not only that, but as described above, Defendant has also been on the notice that the proposed amended complaint was going to be filed months ago, with the same significant changes as in the proposed first amended complaint submitted herewith. Thus, there is nothing that could catch Defendant by surprise, and nothing to indicate that Defendant would be at an unfair disadvantage in defending or responding to the allegations and single claim for fraud in the proposed amended complaint that was already in the original complaint.

**C. Amended Complaint is Not Futile**

The futility factor inquires whether the amendment provides explanations or allegations to address the deficiencies in the original pleadings. *See IV Sols., Inc. v. Empire HealthChoice Assurance, Inc.*, 800 F. App'x 499, 501 (9th Cir. 2020) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment."). Here, similar to the above factors, since the proposed amended complaint does not add any new claims but rather deletes a claim,

MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

there can be no argument that the proposed amended complaint's single claim for fraud would be futile. The claim is supported by detailed allegations of Dikian's orchestration and participation in the fraud. To be sure, there were no claimed deficiencies in the original complaint to begin with: Defendant did not move to dismiss the Complaint nor did Defendant move for summary judgment on any claim in the original complaint. Accordingly, there can be no serious argument that the proposed amended complaint would be futile.

## CONCLUSION

For the foregoing reasons, VPN respectfully requests that the Court grant leave for VPN to file its first amended complaint.

Respectfully Submitted,

Dated: September 6, 2023        By: *Michael Cilento*
                                    _____
                                    Michael D. Cilento

**LEWIS & LIN LLC**
Brett Lewis, Esq. (*pro hac vice*)
Michael D. Cilento, Esq. (*pro hac vice*)

**THE HOUCK FIRM**
Ji-In Lee Houck (SBN 280088)

*Attorneys for Plaintiff*
*VPN.COM LLC*

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record Plaintiff VPN.COM LLC, certifies that this brief contains 2282 words, which complies with the word limit of L.R. 11-6.1.

By: *Michael Cilento*
Michael D. Cilento