Michael L. Rodenbaugh (SBN 179059)
Jonathan Frost (SBN 273189)
RODENBAUGH LAW
548 Market Street, Box 55819
San Francisco, CA 94104
Phone: (415) 738-8087
Email: mike@rodenbaugh.com
          jonathan@rodenbaugh.com
          docket@rodenbaugh.com

Attorneys for Defendant Eitan Z.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VPN.COM LLC, | Case No.: 2:22-cv-04453-AB-MAR |
| Plaintiff, | **DEFENDANT'S NOTICE OF MOTON AND MOTION TO PARTIALLY DISMISS PLAINTIFF' FIRST AMENDED COMPLAINT; REQUEST FOR EXTENSION OF TIME TO FILE ANSWER & COUNTERCLAIMS** |
| v. | |
| EITAN Z., | |
| Defendant. | Judge: Honorable Andre Birotte Jr. |
| | Date: November 17, 2023 at 10 a.m. |
| | Courtroom: 7B |

United States District Court
Central District of California

        Defendant Eitan Z., formerly sued herein as George Dikian ("Defendant"), by
and through his undersigned counsel, hereby moves to dismiss two prayers for relief
from the First Amended Complaint filed by the Plaintiff VPN.COM LLC
("Plaintiff"), dated October 2, 2023 (the "FAC").  In an abundance of caution,

United States District Court
Central District of California

Defendant further requests an extension of time to file its Answer and Counterclaims in response to the FAC.

## NOTICE OF MOTION

NOTICE IS HEREBY GIVEN that on November 17, 2023 at 10 a.m., or as soon thereafter as the matter may be heard, Defendant will and hereby does move for an Order dismissing two of Plaintiffs' prayers for relief pursuant to Federal Rules of Civil Procedure 12(b)(6). Defendant moves to dismiss Plaintiff's claim for a preliminary and permanent injunction, and to dismiss Plaintiff's prayer for an award of at least $5 million in punitive damages.  Defendant further requests an extension of time to file its Answer and Counterclaims in response to the FAC.

This Motion will be based upon this notice of motion, the below memorandum of points and authorities, the FAC, all pleadings, documents, and records on file with the Court, and such other and further oral or documentary evidence as may be presented at or before the time of the hearing.

## MEMORANDUM OF POINTS & AUTHORITIES
## STATEMENT OF ISSUES TO BE DECIDED

1. Does Plaintiff's claim for preliminary or permanent injunctive relief adequately state a claim for relief under the standards of *Twombly* and *Iqbal* and applicable law?

2. Does Plaintiff's claim for punitive damages state a claim for relief to the extent it is violative of Due Process?

## SUMMARY OF ARGUMENT

Two of Plaintiff's prayers for relief stated in the FAC fail to state a claim for such relief. Specifically, Prayer #ii seeks "a preliminary and permanent injunction freezing the <89.com> domain name" and Prayer #iv seeks "[p]unitive damages in the sum of not less than $5,000,000 or an amount otherwise to be decided by a jury." Neither claim is, or could be, supported by sufficient factual allegations to withstand this motion to dismiss.

With respect to its injunctive relief claim, Plaintiff does not come close to meeting the pleading requirements established under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009). Specifically, the FAC fails to plead facts supporting any claim whatsoever to affect ownership and/or control of Defendant's valuable 89.com domain name property. Indeed, with respect to both preliminary and permanent injunctive relief, Plaintiff pleads no facts at all which could support any such relief. Moreover, the Complaint pleads Plaintiff's purported entitlement to an award of punitive damages of 20x claimed compensatory damages -- far in excess of any potentially recoverable amount within the limits of due process.

## ARGUMENT

### Applicable Law

A Rule 12(b)(6) motion tests the legal sufficiency of the claims stated in the complaint. Dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). "A district court should grant a motion to dismiss if plaintiffs have not pled 'enough facts to state a claim for relief that is plausible on its face.' Wi*lliams ex rel. Tabiu v. Gerber Products Co.*, 523 F.3d 934, 938 (9th Cir. 2008) (*quoting, Twombly*, 550 U.S. at 570 ("Factual allegations must be enough to raise a right to relief above the speculative level.")) "While a complaint attacked by a 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and a formulaic recitation of elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

In a diversity case such as this, the Federal Rules govern procedural requirements, and substantive law issues are governed by state law. *Erie v. Tompkins*, 304 U.S. 64, 78 (1938); *Bieghler v. Kleppe*, 633 F.2d 531, 533 (9th Cir. 1980). State law creates the right to recovery in diversity actions, and governs the elements of the

action and the measure of damages. *See, e.g., Bank of Calif v. Opie*, 663 F.2d 977, 980 (9th Cir. 1981). A 12(b)(6) motion to dismiss is appropriate where relief is not available as a matter of law on the basis of the facts pled in the complaint. *E.g., Perez v. Leprino Foods Co.*, 2018 WL 1426561, at *6 (E.D. Cal. Mar. 22, 2018) (finding injunctive relief not available as a matter of law); *Mayen v. Cal Cent. Harvesting, Inc.*, 2022 WL 3587602, at *10 (E.D. Cal. Aug. 22, 2022) (same); *Walker v. McCoud Cmty. Servs. Dist.*, 2016 WL 951635, at *2 (E.D. Cal. Mar. 14, 2016) (dismissing plaintiff's claim for punitive damages without leave to amend).

### **Plaintiff Has Pled No Facts to Support Any Claim for Injunctive Relief**

Plaintiff requests that this Court order "a preliminary and permanent injunction freezing the <89.com> domain name." While Plaintiff does not define what it means to order a "freeze", this might be interpreted as a prayer for an order directing the Defendant's domain name registrar and/or registry to preliminarily and then permanently place the name into a "registrar hold" or "registry hold" status. There is no legal basis to permit this remedy. Plaintiff pleads no entitlement to ownership or possession of <89.com>, nor any other facts supporting a "freeze" of Defendant's very valuable domain name property at any time, much less forever.

Plaintiff merely alleges that the domain name <89.com> was used as part of a complicated scheme to defraud Plaintiff. Specifically, Plaintiff (a professional domain name brokerage) alleges that it was fraudulently induced to arrange a transaction between Defendant owner of 89.com on the one hand, and on the other hand an unnamed Chinese co-conspirator who promised to buy the domain name from Defendant for $4.4 million via an online escrow platform named Intermediar. Then, Plaintiff alleges that it was fraudulently induced by Defendant to send – purportedly directly to Defendant, rather than to the Intermediar escrow company -- 6.27 bitcoin (than valued at $250,000) as an advanced payment to purchase the property on behalf of the Chinese buyer. Even if that story were true, which it is not insofar as it allegedly involves Defendant, it would not support any injunctive remedy to freeze

United States District Court
Central District of California

1  the Defendant's property (whatever "freezing" means). Plaintiff has no security

2  interest in Defendant's property, nor any claim whatsoever to own or control it.

3      A plaintiff seeking injunctive relief must plead facts plausibly supporting all

4  four of the following factors:

5          (1) that it has suffered an irreparable injury;

6          (2) that remedies available at law, such as monetary damages, are inadequate to

7          compensate for that injury;

8          (3) that, considering the balance of hardships between the plaintiff and

9          defendant, a remedy in equity is warranted; and,

10          (4) that the public interest would not be disserved by a permanent injunction.

11  *E.g., California ex rel. Lockyer v. U.S. Dep't of Agric.*, 575 F.3d 999, 1019–20 (9th

12  Cir. 2009).

13      In this case, Plaintiff's prayer that Defendant's valuable <89.com> property be

14  "frozen" is not supported even by mere recitation of <u>any</u> of these factors. Plaintiff has

15  not pleaded, nor even attempted to plead, any facts related to any of the four factors.

16  Plaintiff alleges that Defendant defrauded Plaintiff out of 6.27 bitcoin (then valued at

17  $250,000), which if true then would be compensable with money damages. To be

18  sure, "courts generally require plaintiffs seeking equitable relief to allege some facts

19  suggesting that damages are insufficient to make them whole." *See, e.g., Gibson v.*

20  *Jaguar Land Rover N. Am., LLC*, 2020 WL 5492990, at *3 (C.D. Cal. Sept. 9, 2020)

21  (dismissing for lack of plausible allegations showing inadequacy of monetary

22  damages in a UCL and CLRA fraud complaint); *Mort v. United States*, 86 F.3d 890,

23  892 (9th Cir. 1996) ("It is a basic doctrine of equity jurisprudence that courts of

24  equity should not act when the moving party has an adequate remedy at law."). The

25  authorities hold that Plaintiff's alleged injury is reparable, and adequately

26  compensable by money damages. So, Plaintiff cannot possibly prove either of the first

27  two elements required for injunctive relief, as a matter of law.

28      Furthermore, nowhere does the FAC allege facts related to Plaintiff's purported

burden if <89.com> is "unfrozen". This is because "unfreezing" Defendant's domain name property would not impact Plaintiff in any regard, except to reduce Plaintiff's leverage over Defendant to pay Plaintiff money to end this lawsuit. With respect to purported public interest, the FAC does not mention any facts that might impact the public interest in keeping Defendant's valuable property "frozen" for any length of time, much less forever. So, Plaintiff has not even attempted to allege facts to support either the third or fourth element required to obtain injunctive relief.

Plaintiff has made no argument or set forth any facts by which a court could conclude likelihood of success on the merits as to any prayer for injunctive relief of any kind. As Plaintiff fails to allege any facts or cognizable legal theory to support this prayer for relief, it must be dismissed from the FAC. *E.g., Perez*, 2018 WL 1426561, at *6 (dismissing prayer for injunctive relief for lack of standing).

### Plaintiff's Prayer for Punitive Damages Violates Federal Due Process

The imposition of excessive punitive damages violates due process. *E.g., State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416, 123 S. Ct. 1513, 1519–20, 155 L. Ed. 2d 585 (2003) ("The Due Process Clause of the Fourteenth Amendment prohibits the imposition of grossly excessive or arbitrary punishments on a tortfeasor."). The Supreme Court held, "*in practice, few awards exceeding a single-digit ratio between punitive and compensatory damages will satisfy due process*." *Id.* (emphasis added).

Following that authority, the Ninth Circuit and has devised a "single-digit" punitive damages limitation, such that punitive damages ordinarily may not exceed four times compensatory damages, and in no event (except in the case of very small compensatory damages) may punitive damages exceed ten times compensatory damages. *E.g., Sun Pac. Farming Co-op., Inc. v. Sun World Int'l, Inc.*, 277 F. App'x 727, 729 (9th Cir. 2008) ("an award of more than four times the amount of compensatory damages might be close to the line of constitutional impropriety"); *Bains LLC v. Arco Prod. Co., Div. of Atl. Richfield Co.*, 405 F.3d 764, 777 (9th Cir.

United States District Court
Central District of California

2005) (reducing award to 9-1, where compensatory damage amounts were small); *Ramirez v. TransUnion LLC*, 951 F.3d 1008, 1036–37 (9th Cir. 2020), *rev'd on other grounds and remanded*, 141 S. Ct. 2190, 210 L. Ed. 2d 568 (2021) (reducing award from 6.45-1 to 4-1).

In this case, Plaintiff alleges compensatory damages of $250,000 – which allegedly was then (in May 2022) the value of the 6.27 bitcoin Plaintiff allegedly transferred to Defendant as a result of Defendant's alleged fraud. Yet, Plaintiff prays for at least $5 million dollars in punitive damages, which is thus **20 times** the amount pleaded for compensatory damages. This ratio is so clearly beyond the outer limits of due process that this Court should find that, as a matter of law, the facts pleaded in the complaint do not plausibly permit such an award. Plaintiff fails to plead any damages beyond economic damages, and thus Plaintiff cannot be awarded punitive damages beyond the ordinary four-to-one ration permitted by the Ninth Circuit when there are substantial compensatory damages. *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 575, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996); *Ramirez v. TransUnion LLC*, 951 F.3d 1008, 1037 (9th Cir. 2020), *rev'd on other grounds*, 141 S. Ct. 2190, 210 L. Ed. 2d 568 (2021). (citing *Gore*, "[w]hen compensatory damages are substantial, a ratio lower than 4 to 1 may be the limit.").

Thus, this Court should dismiss plaintiff's prayer for $5 million dollars in punitive damages, to the extent it exceeds the outer bounds of due process. Under controlling authorities, the maximum is 4x Plaintiff's claimed compensatory damages of $250,000 – thus not to exceed $1 million.

## REQUEST FOR EXTENSION OF TIME TO ANSWER

Rule 12(b) generally permits an extension of time to reply to all claims when the defendant files a partial motion to dismiss. *E.g., Talbot v. Sentinel Ins. Co,* at *5-6 (D. Nev. Mar. 29, 2012) (holding that "filing a partial motion to dismiss will suspend the time to answer those claims or counterclaims that are not subject to the motion") (citing cases and authorities); *ThermoLife Intern., LLC v. Gaspari Nutrition,*

*Inc.*, 2011 WL 6296833 (D. Ariz. 2011) (same). To the extent such an extension is required to be granted by the Court, it should be granted, especially where (as here) there is no prejudice to Plaintiff. *See, e.g., Bermudez v. SN Servicing Corp.*, 2023 WL 3025151, at *3 (E.D. Cal. Apr. 20, 2023) (granting extension; citing cases and authorities).

<u>Meet & Confer Certification</u>. This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place during the week of October 9.

DATED: October 16, 2023          By: _/s/ Mike Rodenbaugh_____

Mike Rodenbaugh (SBN 179059)

*Attorneys for Defendant Eitan Z.*
*(formerly sued as George Dikian)*